## TEDDER *v.* WALKER *et al.*

1. A donation of money was made to a municipality for library purposes, and was accepted by the library trustees. They made a personal loan of it, taking a note payable to J. W. and M., "library trustees, their successors, or order." The payees brought suit in their own name, with the added words "library trustees." *Held,* that inasmuch as the plaintiffs are liable to the city for the illegal loan, they may maintain an action on the note in their own names, and the added words "library trustees" will be treated as words of description and surplusage.

2. As the loan was an illegal transaction and the lenders were personally liable to the city for the money, the successors of the trustees will not be permitted to object to the bringing of the suit by the plaintiffs in their individual names.

3. A donation made to the library trustees of a city and accepted by them becomes the public property of the municipality; and if the trustees loan that money, and the borrowers execute a note therefor, it is no defense to the note that the municipality by ordinance gratuitously released the makers from liability. Such gratuitous release was void as being, in effect, a donation and a diversion of public property to private use.

SEPTEMBER 12, 1916.

Complaint. Before Judge Brand. Gwinnett superior court. March 3, 1915.

An action was brought by W. P. Walker, H. V. Jones, and C. A. McDaniel, library trustees, against Mrs. Martha A. Tedder and Mrs. Lillian K. Buchanan, to recover an amount alleged to be due on a note, a copy of which was attached to the petition, wherein the defendants promised to pay "H. V. Jones, W. P. Walker, and C. A. McDaniel, library trustees, or their successors, or order," $2,500 principal, and 10 per cent. as attorney's fees. It was alleged in the petition that Lillian K. Buchanan was a resident of the City of New York and beyond the jurisdiction of the court, and could not be served, and that the statutory notice to recover

attorney's fees had been given to the other defendant. Mrs. Tedder filed a plea alleging, that prior to the filing of the suit the term of office of H. V. Jones and C. A. McDaniel as library trustees had expired; that their successors had been duly elected and had qualified as trustees of the City of Norcross; that a majority of these trustees, namely, McDaniel and Lively, objected, protested, and still protest against the filing and maintenance of this suit; and that only the trustees who are in office have authority to bring the action, and as a majority of them object to the maintenance of the suit, defendant prays that the suit be abated. E. G. McDaniel and H. M. Lively filed a motion to dismiss the action, on the ground that they constituted a majority of the board of trustees, and objected to the filing of the suit, and now protest against its maintenance. Mrs. Tedder filed a plea to the merits, alleging that the note in suit was made jointly by her and Mrs. Buchanan, under the following circumstances: Sometime prior to the execution of the note, E. F. Buchanan, who had been reared by Mrs. Tedder, and who was the husband of Mrs. Buchanan, donated to the City of Norcross the sum of $2,500 in cash, to be used for library purposes. The City of Norcross duly elected library trustees, namely, W. P. Walker, H. V. Jones, and C. A. McDaniel. These trustees accepted the trust, and also the sum donated. At the time of the execution of the note the library trustees loaned to Mrs. Tedder and Mrs. Buchanan the $2,500. Sometime prior to the loan E. F. Buchanan had become bankrupt; and at the time the loan was made to Mrs. Tedder and Mrs. Buchanan the funds donated by E. F. Buchanan were still intact and had not been used. The money borrowed ·by Mrs. Tedder and Mrs. Buchanan was turned over to the donor, E. F. Buchanan. The mayor and council of the City of Norcross on the 2d day of October, 1911, passed the following resolution: "Be it resolved by the Mayor and Council of the City of Norcross that the Board of Trustees of the Norcross Free Library is hereby directed and requested to turn over to Mrs. E. F. Buchanan and Mrs. M. A. Tedder a certain promissory note for the sum of twenty-five hundred dollars, given by them to procure money loaned to E. F. Buchanan, together with such choses, personalty, and collateral held to secure said note. Said fund being a donation by said E. F. Buchanan, dec'd, to said City of Norcross, and by said City loaned to said E. F.

Buchanan when misfortune pursued him, it being the spirit and desire of the Mayor and Council of the City of Norcross to cancel said debt and relieve the said Mrs. M. A. Tedder and Mrs. E. F. Buchanan from any liability on this note." The mayor and council of the City of Norcross having fully satisfied and released defendant from further obligation on her note, she prayed judgment in her favor. Demurrers to the pleas and the motion to dismiss were interposed and were sustained. Upon proof that the defendant had been served with notice to claim attorney's fees, the court directed a verdict for the plaintiffs for the principal, interest, and attorney's fees. Error is assigned on this judgment and on the sustaining of the demurrers.

*Atkinson & Born* and *D. K. Johnston,* for plaintiff in error.

*I. L. Oakes,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. When the original library trustees accepted the donation to the City of Norcross, to be used for library purposes, they could not legally lend it to Mrs. Tedder and Mrs. Buchanan. The loan of the money to them was an ultra vires act; and the trustees, being bound to account for the money, had such interest therein as to authorize a recovery in an action brought in their own names. The loan being evidenced by a note payable to them, with the words following their names, "library trustees, their successors, or order," they may sue on it in their own names; and if they sue and add to their names the words "library trustees," such words may be treated as matter of description and rejected as surplusage. *Oglesby* v. *Gilmore, 5 Ga.* 56 (3); *Zellner* v. *Cleveland, 69 Ga.* 631, 633.

2. There was no error in overruling the motion of McDaniel and Lively, two of the library trustees, to dismiss the action as having been brought without their consent. The plaintiffs having a right of action on the note, and the note being the evidence of an ultra vires transaction, the successors in the trust of the plaintiffs could not defeat the plaintiffs' action.

3. The defense urged against the payment of the note is that the municipality of Norcross had released the debt evidenced by the note in suit. It is averred that E. F. Buchanan donated to the City of Norcross $2,500 for library purposes, and that the donation was accepted by the library trustees appointed by the city.

A municipality may maintain a library, and may appoint a board of trustees with authority to accept and receive donations in money or other property for the purpose of erecting library buildings and for maintaining a library. Civil Code (1910), § 1566 et seq. When the board of trustees accepted the donation it became public property. There is no allegation that the city had abandoned the enterprise of maintaining a public library, or that the money when collected would be diverted to other purposes than that for which it was donated. So that we do not have the question of the renunciation of a public trust, or the restoration of the gift because the purposes of the trust have failed. The municipality by ordinance undertook to relieve the makers from liability on the note. This, in effect, was a donation of that chose in action to the defendants. The money represented by that chose in action was public property, the property of the municipality; and it was without power to donate it to Mrs. Tedder and Mrs. Buchanan. *City of Fitzgerald* v. *Witchard,* 130 *Ga.* 552 (61 S. E. 227, 16 L. R. A. (N. S.) 519).

        *Judgment affirmed. By five Justices, all concurring.*