## GEER *v.* DANCER *et al.*, commissioners.

GILBERT, J. 1. The resolution relieving the bondsmen of liability, and directing the payment by Miller County to the sureties the amounts paid by them, is void and of no effect, because it violates article 7, section 16, paragraph 1, of the constitution of Georgia (Civil Code (1910), § 6573), which declares that "The General Assembly shall not, by vote, resolution, or order, grant any donation or gratuity in favor of any person, corporation, or association." The resolution was an attempt by the General Assembly to donate to the sureties funds of Miller County, which is beyond its constitutional power. *Smith* v. *Fuller*, 135 *Ga.* 271 (69 S. E. 177, Ann. Cas. 1912A, 70).

---

Appeal and Error, 4 C. J. p. 650, n. 37.

Counties, 15 C. J. p. 522, n. 37 New; p. 582, n. 38; p. 592, n. 12 New; p. 633, n. 53 New.

2. Moreover, as was said in the above-cited case, under the Georgia constitution, "the legislature has no power to authorize or require a county to levy a tax for any other purposes than those specified, or to use funds arising therefrom for other than such objects." It would appear from the resolution that the County of Miller was directed to repay sums of money paid to the State as well as the county; but even if payments were only to refund sums paid to the county, such payments would necessarily be made from taxes already collected or to be collected, neither of which can be done.

3. In *Smith* v. *Fuller*, supra, there was no question as to the shortage. In this case the resolution recites that the jury trying the case against the accused tax-collector returned a verdict finding the said officer, "although in default the amount of said judgment for certain years, . . had for certain other years . . overpaid the county, so that the verdict of the jury amounted to finding that W. I. Moody as tax-collector was not indebted to the county in any sum." This was controverted by a further recital that a judgment was rendered against the said officer, and that such judgment was affirmed by the Court of Appeals. Substantially the same was alleged in the answer. The judgment, until set aside according to law, is controlling on the question of liability of the sureties.

4. Whether the resolution offends the constitution in other respects, as contended, need not be decided, as rulings made in the preceding headnotes are sufficient to show that the court erred in sustaining the demurrer to the plaintiff's petition and in overruling the demurrer to the defendants' answer. It necessarily follows that the court erred in refusing to grant an injunction.

*Judgment reversed. All the Justices concur.*

No. 5541. MARCH 17, 1927.

Petition for injunction. Before Judge Yeomans. Miller superior court. June 30, 1926.

On July 28, 1925, the Governor approved the following resolution of the General Assembly: "Whereas, on October 26, 1920, during the October term, 1920, of Miller superior court, a judgment was rendered against J. S. Bush, W. J. Bush, J. S. Wilkin, W. J. Grimes, W. G. Shepard, and Mrs. Zula B. Toole as administratrix of the estate of Joe Toole, deceased, as sureties upon the bond of W. I. Moody, former tax-collector of Miller County, Georgia, for the sum of $3,243.22, which amount has been fully paid by said sureties of the County of Miller; and whereas it appears from the court records and proceedings in which said judgment was rendered that the jury, after hearing all the evidence, found that the said tax-collector, although in default the amount of said judgment for certain years during his term of office, had for certain other years during his encumbency of the office, overpaid the

county, so that the verdict of the jury amounted to finding that W. I. Moody as tax-collector was not indebted to the county in any sum; and whereas it further appears from the records of said proceedings that the Court of Appeals of Georgia held that the tax-collector and his sureties could not set off against the verdict found as aforesaid any sums which had been overpaid in other years, and that on account of said ruling the sureties have paid the amount of said verdict on account of the insolvency of the tax-collector; and whereas it is inequitable and unjust that the sureties should sustain the loss above referred to: Therefore, be it resolved, by the House of Representatives, the Senate concurring, that said bondsmen be and they are hereby relieved from any and all liability on the bond of said W. I. Moody, tax-collector, and the authorities of Miller County having charge of the fiscal affairs of said county are authorized and directed to pay to said sureties said sum of money in the same proportion in which the same was paid to the county by each of them."

W. I. Geer filed a bill against the commissioners of roads and revenues of Miller County, composed of W. C. Dancer and others, to enjoin the defendants from carrying out the provisions of the above resolution by the payment of any money as specified therein to the said sureties, or to any persons in their behalf, by the issuing of county warrants or scripts for that purpose, or by the levying of any tax therefor; also to enjoin the tax-collector from collecting any tax to pay said sureties as so specified, from paying them any such sums, and from paying any sums he collected as tax money into the Citizens Bank of Miller County. He prayed that the said resolution be declared unconstitutional and void on the grounds that it was violative of article 1, section 10, paragraph 1, of the constitution of the United States (Civil Code (1910), § 6652), which prohibits the States from making treaties, granting letters of marque and reprisal, coining money, making ex post facto laws, etc.; of article 1, section 4, paragraph 1, of the constitution of Georgia (Civil Code (1910), § 6391), which provides for uniform operation of general laws and prohibits varying of general laws by special legislation, etc.; of article 1, section 3, paragraph 2, of the constitution of Georgia (Civil Code (1910), § 6389), which prohibits passage of bills of attainder, ex post facto laws, making irrevocable grants of special privileges or im-

munities, or laws impairing obligation of contracts; of article 7, section 6, paragraph 2, of the constitution of Georgia (Civil Code (1910), § 6562), which prohibits the legislature from delegating to any county the right to levy taxes except for educational purposes, etc.; of article 3, section 7, paragraph 17, of the constitution of Georgia (Civil Code (1910), § 6445), which declares that no law shall be amended or repealed by mere reference to its title, in that said resolution undertakes to repeal by implication Civil Code § 4358, which declares that all proceedings to set aside judgments or decrees of any court must be made within three years from the rendition thereof; and of article 7, section 16, paragraph 1, of the constitution of Georgia (Civil Code (1910), § 6573), which declares that the General Assembly shall not, by vote, resolution, or order, grant any donation or gratuity in favor of any person, corporation, or association.

The county commissioners declined to defend the suit of Geer. Four of the sureties named in said resolution filed a petition to intervene, alleging that, though plaintiff had failed to name them as parties, they were the real parties at interest; that on May 5, 1919, three executions were issued against Moody as tax-collector and intervenors as sureties, which set up that said tax-collector was in default to the extent of named sums for 1909, 1910, 1911, 1912, 1913, and 1914, and that some of the intervenors were sureties on all of the bonds and some on one or more of them; that four separate affidavits of illegality were filed by the tax-collector and certain of the intervenors, and the cases were consolidated and referred to an auditor; that when the matter was heard upon exceptions of fact to the auditor's report, the jury, under direction of the court, found separate verdicts for each of said years, finding that said tax-collector was indebted in named sums to said county, "and for the years 1913 and 1914 the jury found that the said Moody had paid to the County of Miller a sum of money which more than paid the amount due the county for the years of 1913 and 1914, and the sums which the jury had found were due to the county by Moody during the years 1909, 1910, 1911, and 1912, the aggregate finding of the jury being that the county was indebted to Moody rather than that Moody was indebted to the county;" that, by reason of the court's ruling that each term of office must take care of itself, the court entered a decree in accord-

ance with the jury's findings, but because of the operation of the statute of limitations said tax-collector could not recover from the county the sum overpaid for 1913 and 1914; that after intervenors had paid over to the county the sums adjudged due by Moody for 1909, 1910, 1911, and 1912, it was discovered that Moody had not given any bond to the county as tax-collector and that intervenors had not in fact signed any such bond as sureties, the only bonds given for the three terms of office on which intervenors were sureties being bonds payable to the Governor with regard to the collection of State taxes only; that thereupon, after investigations, two successive grand juries recommended that the county commissioners reimburse intervenors for the sums paid out for said Moody, which resulted in a resolution of the General Assembly to that effect; that the money they so paid out was to satisfy an obligation which never existed in law or fact, and that the said resolution did not relate to a donation, but was merely a legislative recognition that intervenors had been required to pay money for which they were not liable, and to correct a manifest injustice to them.

Geer filed objections to the allowance of the intervention, but the same were overruled, and the intervention allowed. The intervenors answered the suit, setting up, in the main, the contentions contained in their petition to intervene. The plaintiff demurred generally and specially to the answer, setting up that the answer failed to allege the date upon which intervenors discovered that Moody had not given any bond as they alleged; that the several affidavits of illegality were not attached nor the signers specified; that it failed to specify the date on which intervenors paid over the sums referred to by them; that there was misjoinder of parties defendant as intervenors, and of causes of action, the effort being to set up distinct claims; that the answer shows the question contended for therein to have been adjudicated, and shows lack of diligence as to signing the bonds; that the answer fails to allege that intervenors presented their claim properly audited or sued the county thereon within twelve months after cause of action thereon accrued; and that the claim was barred by the statute of limitations. Plaintiff's demurrer to the answer reasserts the constitutional contentions of his petition with regard to the legislative grant of any donation or gratuity, the treaty-making prohibition,

etc., and the prohibition as to power of the legislature to delegate to any county the right to levy a tax except for educational purposes, etc.; and alleges that said answer shows upon its face that said resolution is violative of the constitutional provisions named. The intervenors demurred to plaintiff's petition, on the general grounds; for misjoinder of parties defendant, in that it failed to make intervenors such parties; for general irrelevancy, and erroneous conclusions as to law. The court passed an order denying the injunction and dissolving a temporary restraining order granted, overruling the demurrer of plaintiff to the answer of the intervenors, and sustaining the demurrer of the intervenors, thereby dismissing plaintiff's petition. To all of these judgments and to the judgment of allowance of the intervention the plaintiff excepted.

*J. A. Drake* and *W. I. Geer,* for plaintiff.

*Pottle & Hofmayer, N. L. Stapleton,* and *P. Z. Geer,* for defendants.