ATLANTA CHAMBER OF COMMERCE *et al. v.* McRAE.

No. 8521. MARCH 5, 1932.

*Alston, Alston, Foster & Moise,* for plaintiffs in error.

*William G. McRae* and *George G. Finch,* contra.

ATKINSON, J. ■ It is declared in article 7, section 6, paragraph 2, of the constitution of this State (Civil Code, § 6562) that the General Assembly "shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers, and pay debts heretofore existing; to pay the county police; and to provide for necessary sanitation."

■ The purposes for which power has been delegated to counties by the General Assembly to levy a tax are as follows: 1. To pay the legal indebtedness of the county due, or to become due during the year, or past due. 2. To build or repair court-houses or jails, bridges or ferries, or other public improvements, according to the contract. 3. To pay sheriffs' or other officers' fees that they may be legally entitled to, out of the county. 4. To pay coroners all fees that may be due them by the county for holding inquests. 5. To pay the expenses of the county, for bailiffs at courts, non-resident witnesses in criminal cases, fuel, servant hire, stationery, and the like. 6. To pay jurors a per diem compensation. 7. To pay expenses incurred in supporting the poor of the county, and as otherwise prescribed by this Code. 8. To pay charges for educational purposes, to be levied only in strict compliance with the law. 9. To pay any other lawful charge against the county. 10. To support paupers. 11. To build and repair county buildings,

court-houses, jails, and all other necessary county buildings, to furnish each with all the furniture necessary for the different rooms, offices, or cells, and to procure a fireproof safe or safes sufficient to hold at least all the minute-books and books containing records of judgments, books of officers' bonds, all recognizances, the bonds of administrators and guardians, the record of wills and of appraisements and sales. Civil Code, §§ 504, 399, 400, 506, 513.

■ Taxes raised for educational purposes or the support of the poor, or any other specific purpose, must be used for such purpose respectively, and none other. Civil Code, § 516.

■ Taxes as referred to in the three preceding notes are not the same as county funds derived from other sources as under the Civil Code, § 529, and such as funds derived in Fulton County from court costs and fees of officers that formerly went to the officers, but now constitute general funds of the county. Acts 1925, p. 159; Park's Code Supp. 1926, § 615(f). Funds derived from this source are not limited to any particular use, but may be applied to any purpose for which the county has authority to apply public funds. *Tate* v. *Elberton,* 136 *Ga.* 301(6) (71 S. E. 420); *McGinnis* v. *McKinnon,* 165 *Ga.* 713 (2c) (141 S. E. 910).

■ The Board of Commissioners of Roads and Revenues of the County of Fulton has "exclusive jurisdiction and control over the following matters, to wit: In directing and controlling all the property of the county, as they may deem expedient, according to law; in levying taxes according to law; . . settling all claims against the county, examining and auditing all claims or accounts of officers having the care, management, keeping, collecting, or disbursement of money belonging to the county, or appropriated for its use and benefit, and bringing them to a settlement; and making such rules and regulations for the support of the poor of the county, and for the promotion of health, as are not inconsistent with law; . . and to exercise such other powers as are granted by law, or are indispensable to their jurisdiction over county matters and county finances." Acts 1880-1, p. 508.

■ It is declared in article 7, section 16, paragraph 1, of the constitution (Civil Code, § 6573): "The General Assembly shall not, by vote, resolution, or order, grant any donation or gratuity in favor of any person, corporation, or association." When the sev-

eral statutes hereinbefore mentioned are construed together and in connection with the provision just quoted, and with article 7, section 6, paragraph 2, of the constitution (Civil Code, § 6562), they do not confer power or authority on the Board of Commissioners of Roads and Revenues of the County of Fulton to donate county funds, derived from taxation or from other sources, to the Atlanta Chamber of Commerce or the Atlanta Freight Bureau or the Atlanta Convention and Tourist Bureau for the purposes indicated in the statement of facts. *Covington & Macon Railroad Co.* v. *Athens,* 85 *Ga.* 367 (11 S. E. 663); *Town of Adel* v. *Woodall,* 122 *Ga.* 535(6) (50 S. E. 481); *Tedder* v. *Walker,* 145 *Ga.* 768 (89 S. E. 840).

(*a*) The foregoing ruling does not overlook the principle that express authority to a county board to do a particular thing will imply authority to employ such means and agencies as may be necessary to accomplish the act, as applied in *Spalding County* v. *Chamberlin,* 130 *Ga.* 649(3 *a*) (61 S. E. 533), and by the Court of Appeals in *Wright* v. *Floyd County,* 1 *Ga. App.* 582 (58 S. E. 72), and other similar cases.

(*b*) Nor does it overlook the principle as applied in *Chipstead* v. *Oliver,* 137 *Ga.* 483(2) (73 S. E. 576), and similar cases, that where a municipal board is authorized to do a particular act in its discretion, the courts will not control this discretion unless manifestly abused, nor will they inquire into the propriety, economy, and general wisdom of the undertaking, or into the details of the manner adopted to carry the matter into execution.

(*c*) In *McGinnis* v. *McKinnon,* supra, the county expenditure had reference to sanitation, health, and the building of public roads, these being objects of taxation under the constitution, and there was no donation by the county to other institutions. The case of *Avera* v. *Clyatt,* 152 *Ga.* 280 (109 S. E. 655), and other cases cited by the plaintiff in error are distinguishable in the same manner.

■ The facts show an attempt by the Board of Commissioners of Roads and Revenues to donate funds of the county to other persons for very worthy causes that are highly beneficial to the general public, but not within their corporate power; and the judge did not err in granting a temporary injunction.

*Judgment affirmed. All the Justices concur.*