STEWART *et al.*, commissioners, *v.* DAVIS.

546

No. 8861.   July 16, 1932.   Rehearing denied September 17, 1932.

*Charles B. Shellon, Cam D. Dorsey,* and *Ralph H. Pharr,* for plaintiffs in error.

*George G. Finch* and *J. S. Hall,* contra.

RUSSELL, C. J. The only question which arises in this case is whether it was the duty of the county commissioners to pay, or did the county commissioners have lawful authority to pay, Davis's demand? In the circumstances detailed in the statement of facts, we are of the opinion that the trial judge did not err in making the mandamus absolute. Art. 3, sec. 7, par. 19, of the constitution of 1877 declares: "The General Assembly shall have no power to

relieve principals or securities upon forfeited recognizances from the payment thereof, either before or after judgment thereon, unless the principal in the recognizance shall have been apprehended and placed in the custody of the proper officer." The fact that the inhibition of the first portion of this paragraph of the constitution is qualified by the provisory conclusion, "unless the principal in the recognizance shall have been apprehended and placed in the custody of the proper officer," evidences a controlling negative pregnant instructive as to what may be done if the security does apprehend his principal and place him in the custody of the proper officer. When the history of the acts of the General Assembly and resolutions without number passed by the different legislatures prior to the constitution of 1877 is considered, it is apparent that the makers of the constitution were convinced that in many instances securities upon bonds of individuals accused of crime, as well as officials under bond who had violated their official duties, had been relieved improperly and as a mere matter of grace or favor. It is plain from a reading of this paragraph of the constitution that the makers of that instrument intended to prevent the further abuse of a long-continued practice with respect to relieving the securities upon forfeited recognizances or official bonds. And yet the constitution makers determined at the same time to leave the legislature free to relieve the surety when the security on a criminal recognizance produces his principal and delivers him to the proper officer to be dealt with by the courts in accordance with law. This rule is based upon good reason, for, as stated in 6 C. J. 1054-55, § 331: "Where the trial terminates in conviction and sentence, the forfeiture is usually remitted on the broad principle that the purpose of the recognizance has been accomplished." The security only obligates himself to produce the body of the principal, and if, even after forfeiture of the recognizance, he makes good and fulfills the obligation of the bond, it would seem that the costs of the forfeiture would be a sufficient burden to be imposed upon the surety to penalize him for the absence of the principal at the time of the forfeiture. Furthermore, this court has frequently held that county funds not derived from taxation may be applied to any purpose for which the county has authority to apply public funds. In the recent case of *Atlanta Chamber of Commerce* v. *McRae*, 174 *Ga.* 590 (163 S. E. 701), Mr. Justice Atkinson, delivering the opinion of

the court, called attention to the express powers of a county to levy taxes, as prescribed in § 6562 of the Civil Code, as well as under the provisions of §§ 504, 399, 400, 506, 513, and the taxes provided in the terms of § 516, which must be used for the prescribed purposes and none other. He then proceeded to say: "Taxes, as referred to in the three preceding notes, are not the same as county funds derived from other sources as under the Civil Code, § 529, and such as funds derived in Fulton County from court costs and fees of officers that formerly went to the officers, but now constitute general funds of the county. Acts 1925, p. 159. . . Funds derived from this source are not limited to any particular use, but may be applied to any purpose for which the county has authority to apply public funds. *Tate* v. *Elberton,* 136 *Ga.* 301 (6) (71 S. E. 420); *McGinnis* v. *McKinnon,* 165 *Ga.* 713 (2c) (141 S. E. 910)." The resolution of the General Assembly in this case simply sought to have Davis reimbursed by requiring the county to pay back to him the identical sum which he expended in settlement of the forfeiture of the bond. Therefore it is perfectly clear that this money did not find its source in the levy of any tax.

The plaintiffs in error rely on art. 7, sec. 16, par. 1, of the constitution, which declares: "The General Assembly shall not, by vote, resolution, or order, grant any donation or gratuity in favor of any person, corporation, or association," and upon the provisions of art. 7, sec. 6, par. 1, which provides: "The General Assembly shall not authorize any county, municipal corporation, or political division of this State to become a stockholder in any company, corporation, or association, or to appropriate money for or to loan its credit to any corporation, company, association, institution, or individual, except for purely charitable purposes." It was held in *Hines* v. *Etheridge,* 173 *Ga.* 870, 872 (162 S. E. 113): "There is no warrant for holding that a statute passed in pursuance of one provision of the constitution is unconstitutional and void for the reason that the provision under which the act is passed conflicts with another provision of the constitution, which, standing alone, might be in conflict with the provision under which the legislative act is passed." So, even if there were conflict between the provisions of art. 3, sec. 7, par. 19, of the constitution of 1877, permitting the General Assembly to relieve sureties upon forfeited criminal recognizances where the principal has been surrendered and placed

in the custody of the proper officer, and art. 7, sec. 16, par. 1, and art. 7, sec. 6, par. 1, as contended by counsel for plaintiffs in error, such conflict does not always necessarily afford ground to altogether avoid either of the constitutional enactments. In this case, however, it is very plain that there is no conflict whatsoever. It does not appear that the legislature is of itself granting "any donation or gratuity in favor of any person, corporation, or association." The resolution of the General Assembly directs the county authorities of Fulton County to pay something which is not to be taken from the State, or from the State treasury, but from a particular fund collected from fines and forfeitures alleged to be in the control of the county authorities, and in the hands of the county treasurer as custodian for the county authorities. The sum which the county authorities are directed to return to Davis is neither a "donation or gratuity," but merely the return to one who as security on a criminal recognizance was required by the strict rules of law to pay. The purpose of the bond was not the punishment of either the principal or his security. The sole purpose of the instrument was to secure the presence of the principal to be tried for a criminal offense. Though the security could not produce the principal at the time the bond was forfeited, the diligence of the security did later produce the presence of the principal and his delivery to the proper officer; so that it could well be said that the bond became functus officio, the purpose for which it was given having been fulfilled. The constitutional provision (art. 7, sec. 6, par. 1) that "The General Assembly shall not authorize any county, municipal corporation, or political division of this State to become a stockholder in any company, corporation, or association," is very clearly very foreign to the subject-matter of the legislative resolution now under consideration. And we have no hesitation in holding that the resolution which requires county commissioners to repay, from the very fund in which the $800 paid by Davis was placed, the sum which Davis paid can not be classified as an appropriation of money for or lending its credit to any corporation, company, association, institution, or individual, either "for purely charitable purposes" or for any purpose other than the return to the security on the criminal recognizance (whose only duty and obligation was to produce the body of the principal so that justice might deal with him in court) the

amount paid by such security into the court's fund of fines and forfeitures.

*Judgment affirmed. All the Justices concur except*

ATKINSON and GILBERT, JJ., dissenting. We can not concur in the judgment, because art. 7, sec. 16, par. 1, of the Constitution of Georgia (Civil Code (1910) § 6573), declares: "The General Assembly shall not, by vote, resolution, or order, grant any donation or gratuity in favor of any person, corporation, or association." That section has been construed by this court in the cases of *Smith* v. *Fuller,* 135 *Ga.* 271 (69 S. E. 177, Ann. Cas. 1912A, 70), and *Geer* v. *Dancer,* 164 *Ga.* 9 (137 S. E. 558). Those decisions did not deal with the refund of a criminal bond, but dealt with the repayment of an official bond. The principle involved in those cases seems to be the same as that involved in the instant case. The judgment of the trial court is upheld in the opinion of the majority on the strength of another section of the constitution, art. 3, sec. 7, par. 19 (Civil Code (1910) § 6447): "The General Assembly shall have no power to relieve principals or securities upon forfeited recognizances from the payment thereof, either before or after judgment thereon, unless the principal in the recognizance shall have been apprehended and placed in the custody of the proper officer." The two sections of the constitution involved, if possible, should be so construed as not to conflict. To do so we must so construe the sections as to restrict them to their express terms. Under the express terms of the last named, that is § 6447, the constitution expressly prohibits the General Assembly from relieving principals or securities upon forfeited recognizances *"from the payment thereof,"* except under the conditions stated. Therefore, after the payment of such bonds there is no provision in the constitution for the relief of the principals or securities. Thus construed, there is no conflict in the two sections of the constitution. The same power of relief before payment, and no relief after payment, runs through many decisions on tax questions. It seems to be the settled policy of the State that after money has been paid into the State or county treasury the legislature no longer has power to direct its refund to any person.