226

25400. TUCKER v. CITY OF THOMASVILLE.

DECIDED APRIL 8, 1936.

*S. W. Doss,* for plaintiff in error. *P. C. Andrews,* contra.

GUERRY, J. The defendant was charged with a violation of a municipal ordinance in the City of Thomasville. He was tried before the mayor. Before pleading to the merits he demurred to the summons, on the ground that "There is no legally constituted court of the City of Thomasville, and the mayor's court is illegal; that the mayor of the said city is without authority to try any case, except in the absence of a recorder or his disqualification in a particular case. Because B. S. Inman, being mayor, could not issue a summons as recorder, and was not recorder because his appointment was illegal." Under the charter of the city adopted in 1889 the mayor was given authority to preside over the police court. In 1909 (Ga. L. 1909, p. 1436) the charter was amended as follows: "Whenever the mayor and aldermen elect a recorder, which they are hereby empowered to do, his term of office shall be the same as the mayor's; he shall receive a salary fixed by the mayor and aldermen; shall be removable from office by them; and shall have, when qualified, all the authority lawfully exercised by municipal police-court judges in this State. When the recorder is disqualified, the mayor, or mayor pro tempore, shall act as if no recorder had been elected." It appears that a recorder had been elected and qualified before this time, but his term of office had expired, and no successor was elected or qualified to fill the place. It is insisted that this case is controlled by the decision in *Vason* v. *Augusta,* 38 *Ga.* 542. In that case it was held: "The statute of 15th of February, 1856, enacts that the city council of Augusta shall be and they are hereby authorized to elect an officer to be known as recorder, in whom they may vest exclusive jurisdiction of all violations of their

ordinances, etc. The act also provides that said recorder shall be elected and hold his office for the term of two years, shall take an oath before the mayor well and truly to discharge the duties of his office, etc. *Held,* 1, that the object of this act was to promote good government and order in the city, and that it was the duty of the council to elect a recorder, and that it was clearly the intention of the legislature that the office of mayor and the office of recorder should be separate and distinct offices, filled by different persons, one of whom is required to take the oath of office before the other, and that the provision in the statute which authorizes the city council or mayor, in the absence of the recorder, to appoint one of their body to preside in the recorder's court, contemplates the temporary absence of the recorder, and does not authorize the city council to abolish the office of recorder, and direct the mayor permanently to act as recorder." In *Wilson* v. *Dalton,* 135 *Ga.* 240 (69 S. E. 163), it was held: "Where an act of the legislature amending a municipal charter provided that the city 'shall be and is authorized to create the office of city tax-receiver,' prescribed his duties and the mode of his election by popular vote, and declared that he should be elected for a term of two years, after the municipal authorities had passed an ordinance creating the office of city tax-receiver, and the officer to fill such place had been duly elected for the term fixed by the charter and qualified, it was not within the power of such municipal authorities, at their option, during such term, to abolish the office." We think the language used in the amendment of 1909, in the present case, was insufficient of itself to create the office of recorder for the City of Thomasville, but left the matter of the office to the discretion of the mayor and aldermen. The language used in the *Vason* case, supra, empowered the council to elect and vest in such recorder exclusive jurisdiction of all municipal offenses. It does not appear that this authority was also vested in the mayor of Augusta, as it was in the mayor of Thomasville. The city council of Augusta was authorized to elect an officer to be known as a "recorder," "in whom they may vest exclusive jurisdiction of all violations of their ordinances." The word "may" used in that act was construed as tantamount to "shall." If the exclusive jurisdiction "shall" be vested in a recorder his office was a creation of the legislature. Under the language of the charter of the City of Thomasville, as amended, it was

optional with each mayor and council, as to the continuance of the office of recorder. The court did not err in overruling the demurrer. Nor did the judge err in dismissing the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*