No. 11803.  APRIL 15, 1937.

### LONGINO et al., commissioners, v. HANLEY, administrator.

No. 11683. APRIL 15, 1937.

*Charles B. Shelton, Ralph H. Pharr,* and *W. S. Northcutt,* for plaintiffs in error.

*Charles. W. Bergman,* contra.

ATKINSON, Justice. A controlling question is upon construction of the resolution. Are the words "are authorized to refund," considered with the context, mandatory or merely permissive? It is declared in the Code, § 102-103; "The following meanings shall be given to the following words in all statutes, unless a different meaning is apparent from the context: . . May ordinarily denotes permission and not command. Where the word as used in a statute concerns the public interest or affects the rights of third persons it will be construed to mean 'must' or 'shall.'" See also Mason *v.* Fearson, 9 Howard, 248, 258-9 (13 L. ed. 125). *Jennings* v. *Suggs,* 180 *Ga.* 141, 142 (178 S. E. 282); *Georgia, Florida & Alabama Railway Co.* v. *Sasser,* 130 *Ga.* 394 (60 S. E. 997); *Whitley* v. *State,* 134 *Ga.* 758, 772 (68 S. E. 716); *Smith* v. *State Board of Medical Examiners,* 46 *Ga. App.* 456 (167 S. E. 769); *Tucker* v. *Thomasville,* 53 *Ga. App.* 226 (185 S. E. 398); 25 R. C. L. 767, §§ 15, 17. It is said in 59 C. J. 1082, § 635: "A mandatory construction will usually be given to the word

'may' where public interests are concerned, and the public or third persons have a claim de jure that the power conferred should be exercised, or whenever something is directed to be done for the sake of justice or the public good; but never for the purpose of creating a right." See also 2 Lewis' Sutherland Statutory Construction, § 636. In Hazelip v. Fiscal Court of Edmonson County, 228 Ky. 80 (14 S. W. 398), it was said: "Permissive words in [a] statute in respect to courts or officers will not be construed as imperative, where such construction would create a new public obligation." In the Code, § 102-102, it is declared: "The following rules shall govern the construction of all statutory enactments: 1. The ordinary signification shall be applied to all words, except words of art," etc. In 59 C. J. 1087, § 637, it is said: "Such expressions as 'authorized and empowered,' and 'shall have power,' are to be construed as mandatory or permissive in accordance with the legislative intent manifested in the particular act." The words of the resolution in question "are authorized to refund," according to ordinary signification, denote permission only. Considered with their context, what do they mean? The refund was not for the public interest but against the public interest. It was not in virtue of a *right* (as that word is used in the Code, § 102-103) of a third person, because the security having paid the money to the court and county to discharge his liability on the bond for failure of his principal to appear in terms of the bond, he did not acquire *a right*. He merely discharged his obligation, and the money became public property unqualifiedly. A legislative intent to *require* payment to the security will not be inferred where the payment was not based on a lawful right.

The facts of subsequent apprehension by the surety of the principal, and producing him in court and his conviction and punishment, did not impose a legal duty upon the county authorities to repay the amount he had paid on the bond. *Smith* v. *Fuller,* 135 *Ga.* 271 (69 S. E. 177, Ann. Cas. 1912A, 70) ; *Greer* v. *Dancer,* 164 *Ga.* 9 (137 S. E. 558). In any such circumstances reimbursement by the county would not be in virtue of a right of the security. So considering the words "are authorized to refund," as employed in the resolution in question with their context, they are to be given their ordinary meaning, and the provisions of the

resolution deemed to be permissive rather than mandatory. The resolution involved in *Stewart* v. *Davis,* 175 *Ga.* 545 (165 S. E. 598), employed the words "are hereby authorized and directed to pay." Ga. Laws 1931, p. 1077. In the majority opinion in that case stress was laid on the provision of the resolution that payment by the security on the bond is to be made "out of fines and forfeitures." If that would have affected the question whether the resolution was mandatory or permissive (not then being dealt with), or could affect the resolution now in question if it had contained such provision, it is sufficient to say that the resolution now involved does not contain such provision. The resolution involved in *Geer* v. *Dancer,* supra, employed the words are "authorized and directed." The resolution involved in *Smith* v. *Fuller,* supra, employed the words "are hereby . . authorized to refund." There was no ruling in any of these cases upon the question of whether the language was mandatory or directory. The judge erred in overruling the general demurrer to the petition, and in granting mandamus absolute. *Judgment reversed. All the Justices concur.*