McCOOK *v.* LONG, solicitor.

No. 13947.   January 14, 1942.

*Thomas A. Jacobs Jr.,* for plaintiff.
*Ellsworth Hall Jr.,* for defendant.

GRICE, Justice. The plaintiff plants his case on a resolution of the General Assembly approved March 6, 1941 (Ga. L. 1941, pp. 1876-7), authorizing, empowering, and instructing the solicitor and the clerk of the city court of Macon to refund to McCook as surety "the money paid into court on said forfeiture, to be re-

imbursed out of the fines and forfeitures coming into the city court of Macon;" the resolution reciting that after the said forfeiture and the issuance of an execution thereon, Adams, the principal in the bond, against whom a criminal charge was pending, was, by the efforts of McCook and much expense by him incurred, captured and surrendered to the sheriff, and on a plea of guilty was sentenced. The defendant urges several constitutional objections to the grant of the relief sought, and in the same connection refers the court to the act approved August 18, 1916 (Ga. L. 1916, pp. 263-265), amending the act creating the city court of Macon, which amendatory act contains the following provision: "That immediately after the adjournment of each regular term of said court, or any time previous thereto as he may deem proper so to do, the judge of said court shall distribute the fines and forfeitures arising from cases tried in said court; said fines and forfeitures shall be distributed as follows: all bills for insolvent costs due the solicitor-general, the solicitor of said court, the clerk of the superior court, the sheriff and clerk of said city court shall be approved by the judge of said city court and entered on the minutes thereof, and when the judge distributes said fines and forfeitures he shall pay the same to the solicitor-general, the solicitor, the clerk of the superior court, the sheriff, and the clerk of said court, pro rata on their bills for insolvent costs for fees in cases in said city court, and in those cases transferred from the superior court of said county; and when said bills for insolvent costs of said named officers are fully paid, the judge shall order the surplus paid to the treasurer of the Board of Public Education and Orphanage for Bibb County, for the use of the schools of said county." To this the plaintiff replies by citing the constitution, article 3, section 7, paragraph 19 (Code, § 2-1819), which declares: "The General Assembly shall have no power to relieve principals or securities upon forfeited recognizances, from the payment thereof, either before or after judgment thereon, unless the principal in the recognizance shall have been apprehended and placed in the custody of the proper officer." He takes the further position, that what he refers to as the gift to the Bibb County Board of Education, found in the act of 1916, supra, was conditional, not absolute; that it was subject to the right of the General Assembly to relieve sureties who apprehend their principals and surrender them;

that if this be not so, then the act of 1916 is repugnant to the resolution of March 6, 1941, supra; and that since the last expression of the General Assembly must prevail, the act of 1916 was thereby repealed pro tanto.

That provision of the constitution of this State which declares in effect that the General Assembly shall not by resolution grant any donation (art. 7, sec. 16, par. 1) was considered by this court and applied in *Smith* v. *Fuller,* 135 *Ga.* 271 (69 S. E. 177, Ann. Cas. 1912A, 70). It was there ruled, that where a county treasurer embezzled funds of the county, and a judgment was rendered against him and the sureties on his official bond, and the latter made payments partly extinguishing the indebtedness, a subsequent resolution passed by the General Assembly which authorized the county authorities to refund to the sureties any and all sums which they had paid, except such amount as had been expended as costs in the prosecution of the principal, was a violation of the constitution, art. 7, sec. 16, par. 1, which declares that "The General Assembly shall not, by vote, resolution, or order, grant any donation, or gratuity in favor of any person, corporation, or association;" and that there was no error, on application of the county, in enjoining the county treasurer from paying to the sureties warrants which were issued by the ordinary under such legislative resolution. In the opinion, after quoting the constitutional provision last referred to, it was observed that "If the legislature would not have the right to give from the treasury of the State a portion of its funds to sureties who had paid in such money, certainly they could not make such a gift from the county treasury." It was also considered and applied in *Geer* v. *Dancer,* 164 *Ga.* 9 (137 S. E. 558), another decision by six Justices; and basing its ruling on *Smith* v. *Fuller,* supra, it was decided that the resolution relieving the bondsmen of liability, and directing the payment by Miller County to the sureties the amounts paid by them, was void and of no effect, because it violated the constitution, art. 7, sec. 16, par. 1 (Code of 1910, § 6573), which declares that "The General Assembly shall not, by vote, resolution, or order, grant any donation or gratuity in favor of any person, corporation, or association," and that the resolution was an attempt by the General Assembly to donate to the sureties funds of Miller County, which was beyond its constitutional power. It is true that neither of these

cases dealt with the refund of payments made on the forfeiture of a criminal recognizance; but the principle involved was the same, and they both run counter to the position taken by the plaintiff. If refunds of the payments there made were held to be gratuities, it seems inescapable that the refund sought in the instant case would be a gratuity.

In interpreting the provisions of a constitution, it is to be presumed that the words therein used were employed in their natural and ordinary meaning. *Epping* v. *Columbus,* 117 *Ga.* 263 (43 S. E. 803). The Merriam edition of Webster's International Dictionary gives the following definitions of the word "gratuity," omitting those meanings classed by the authors as obsolete and rare: "2. Something given freely or without recompense; a gift. 3. Something voluntarily given in return for a favor or now esp. a service; hence, a bounty; a tip; a bribe." The later editions of Bouvier do not give a definition of the word gratuity, but in the earlier ones a gratuity is defined to be "a present, a recompense, a free gift." Compare *Davis* v. *Morgan,* 117 *Ga.* 504 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171).

The suggestion that this could not be treated as a donation or a gratuity, because it was in reality the fulfilment of a moral obligation to refund the money, seems to have been answered by this court in *City of Fitzgerald* v. *Witchard,* 130 *Ga.* 552 (61 S. E. 227, 16 L. R. A. (N. S.) 519). It there appeared that the mayor and council of the City of Fitzgerald received the prescribed fee, and, in consideration thereof, issued a license authorizing a person to engage in the sale of intoxicating liquors for the remainder of the year. Before the expiration of the time, the General Assembly enacted a law providing for a higher license fee for the right to sell such liquors in the County of Irwin, including the City of Fitzgerald. Acts 1906, p. 430. When this law went into effect, the licensee, without any interference or direction from the municipal authorities, ceased to engage in the sale of such liquors, and, before the term expired, applied to the municipal authorities for a return of so much of the money paid for his license as would be in proportion to the time in which he did not engage in selling such liquors. The application was not acted upon by the mayor and council during the term of the license, but, after the expiration of the term, successors to the mayor and

council acted upon the application, and resolved to refund the money. It was held that a petition by citizens and taxpayers to enjoin the city authorities from refunding the money was not open to general demurrer. As to what would constitute a moral obligation, if this were a suit on a contract, compare the language of Lamar, Justice, in *Davis* v. *Morgan,* supra,

In *Tedder* v. *Walker,* 145 *Ga.* 768 (89 S. E. 840), it appeared that E. F. Buchanan made a donation of a sum of money to the library trustees of the City of Norcross, the trustees afterwards loaning the same to Mrs. Tedder and Mrs. Buchanan, who turned the money over to E. F. Buchanan when misfortune pursued him. The mayor and council passed a resolution reciting the foregoing facts, and directing a cancellation of the note. This court held: "A donation made to the library trustees of a city and accepted by them becomes the public property of the municipality; and if the trustees loan that money, and the borrowers execute a note therefor, it is no defense to the note that the municipality by ordinance gratuitously released the makers from liability. Such gratuitous release was void as being, in effect, a donation and a diversion of public property to private use." In this connection see *Covington & Macon R. Co.* v. *Athens,* 85 *Ga.* 367 (11 S. E. 663); *Town of Adel* v. *Woodall,* 122 *Ga.* 535 (50 S. E. 481). In *Stewart* v. *Davis,* 175 *Ga.* 545 (165 S. E. 598), a majority of the court ruled that a resolution of the General Assembly requiring the authorities of Fulton County to pay a surety a named sum paid by him on the forfeiture of a named bond, that sum to be paid out of the funds arising from fines and forfeitures in the criminal court of Atlanta, to reimburse him for the sum so paid by him on account of the forfeiture of said bond, was not violative of that provision of the constitution prohibiting the General Assembly from granting any gratuity. The cases of *Smith* v. *Fuller,* and *Geer* v. *Dancer,* supra, were not referred to in the majority opinion in *Stewart* v. *Davis.* The court rested its decision, in part, on the fact that the funds there dealt with were not derived from taxation, and therefore "may be applied to any purpose for which the county has authority to apply public funds." This argument, it seems to us, is inconclusive; for it assumes that a county has authority to apply public funds to a gratuity of this kind. That a county possessed any such power was not decided in *Atlanta Chamber of Commerce* v. *McRae,* 174

*Ga.* 590 (163 S. E. 701), which was cited in the majority opinion, nor has it ever been so held by this court. Its holding was also placed on the provision contained in article 3, section 7, paragraph 19, of the constitution of this State (Code, § 2-1819), which has hereinbefore been quoted, and the statement was made in *Stewart* v. *Davis,* supra, that "The fact that the inhibition of the first portion of this paragraph of the constitution is qualified by the provisory conclusion, 'unless the principal in the recognizance shall have been apprehended and placed in the custody of the proper officer,' evidences a controlling negative pregnant instructive as to what may be done if the security does apprehend his principal and place him in the custody of the proper officer." The conclusion thus sought to be drawn appears to overlook the fact, so clearly pointed out in the minority opinion in the same case, that under its plainly stated terms the constitution expressly prohibits the General Assembly from relieving principals or securities upon forfeited recognizances "from the payment thereof," except under the conditions stated. In *Stewart* v. *Davis,* the General Assembly was not undertaking to relieve Davis "from the payment thereof," but sought to have refunded a payment already made by him. In the majority opinion in that case mention was made of the fact that the resolution of the General Assembly directed the county authorities of Fulton County to pay something which was to be taken, not from the State or from the State treasury, but from a particular fund collected from fines and forfeitures alleged to be in the control of the county authorities, and in the hands of the county treasurer as custodian for the county authorities. The instant case was decided on demurrer, and the date when the payment was made does not appear, the petition alleging merely that "Petitioner C. F. McCook paid into the registry of said court the sum of $203.00 on this forfeiture," referring in the paragraph immediately preceding to a final forfeiture which was taken on June 6, 1927. The resolution recites that the rule nisi to forfeit bond was issued on March 7, 1927; a rule absolute taken on June 6, 1927. The present suit was filed on June 9, 1941.

Before May 1, 1941, the regular terms of the city court of Macon were held quarterly, on the first Monday in March, June, September, and December. Acts 1941, pp. 694-696. It has heretofore been seen that under the act of 1916, supra, immediately after the

adjournment of each regular term of said court the judge shall make distribution of the fines and forfeitures to the officers, and shall order the surplus paid to the treasurer of the board of education of Bibb County. Under the present state of the record, the date of the payment not being set forth, this court can not distinguish the instant case from that of *Stewart* v. *Davis,* supra, on the ground that here the sums paid by the surety had already been paid over to the treasurer of the board of education, whereas there the money was still in the hands of the county treasurer as custodian for the county authorities. There does remain this slight difference in the facts of the two cases: In the *Stewart* case the money, until and unless paid out to officers, remains in the fines and forfeitures fund in the custody of the county treasurer. In the instant case the surplus of the money arising from this source is by law to be paid over to the school board treasurer. In a sense, at least, it is already appropriated, even though it may remain uncollected. It is not, however, because of the shadowy distinction between the facts of the *Stewart* case and the instant case that we decline to apply it, but because we are of the opinion that such ruling is unsound, and that a logical extension of what this court decided in *Smith* v. *Fuller* and *Geer* v. *Dancer,* supra, compels a ruling that the resolution of the General Assembly here involved was void because it was an attempt by the legislature to donate funds to the surety, which was beyond its constitutional power. See *Longino* v. *Hanley,* 184 *Ga.* 328 (191 S. E. 101).

It is unnecessary to pass upon the other questions raised by the demurrer.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*