WASHBURN *et al. v.* MacNEILL, Treasurer.

No. 16765. SEPTEMBER 15, 1949.

*Wesley R. Asinof,* for plaintiffs.

*W. S. Northcutt, E. A. Wright, John I. Kelley, Solicitor, James W. Dorsey,* and *Durwood T. Pye,* for defendant.

ATKINSON, D. S., Judge. (After stating the foregoing facts.) Upon argument of the case in this court, counsel for the plaintiffs was asked if there was any allegation in his petition or in the resolution adopted by the General Assembly showing that the defendant, Fred Martin, had been apprehended and delivered to the sheriff, or other court officer, by the bondsmen

who are seeking to recover the fifteen thousand dollars, the subject-matter of this suit. Counsel stated that there was no such allegation. The record sustains this statement.

There is also no allegation as to when the defendant failed to appear for trial or when forfeiture proceedings on the bond were instituted. The resolution, however, does allege that the rule absolute on the bond was taken at the July Term, 1947, and that on October 22, 1947, Fred Martin was taken into custody of the Sheriff of Fulton County.

According to Georgia Laws of 1892, p. 221, as amended by Georgia Laws 1935, p. 498, the terms of the Criminal Court of Fulton County commence on the first Monday in each month. Since the judgment absolute was taken at the July Term, 1947, and the act (Ga. L. 1892, p. 222) creating the Criminal Court of Fulton County provides that "the clerk shall make the *scire facias* on all forfeited bonds, recognizances or other obligations returnable to the third term of said court, at which return term a judgment absolute shall be rendered against the defendant or defendants and his or their securities on said recognizance or other obligations in the absence of such legal defences as are provided by law," and since it appears that the defendant, Fred Martin, was apprehended, delivered to, and taken into custody by the sheriff on October 22, 1947, we may conclude that the defendant Fred Martin had failed to appear for approximately six months before he came into the custody of the sheriff on October 22, 1947.

As it nowhere appears in any of the record, either in the body of the petition or the resolution of the General Assembly, that the defendant was apprehended and surrendered by his bondsmen, and no explanation of this omission has been offered by counsel in his argument of the case, we may also assume and do assume that the defendant was apprehended by neither of the bondsmen, petitioners in this case, nor by any other person for them.

Some of the constitutional questions in this case have been before this court in well-considered cases in recent years. In *Stewart* v. *Davis*, 175 *Ga.* 545 (165 S. E. 598), by a majority of 4 to 2 (Atkinson and Gilbert, JJ., dissenting), this court held that, under the circumstances in that case, a resolution in some

respects similar to the resolution here under consideration was valid. In the *Stewart* case it appeared that the bondsmen "apprehended Young [the defendant] and delivered him to the Sheriff of Fulton County." On page 550, Mr. Chief Justice Russell said: "Though the security could not produce the principal at the time the bond was forfeited, the diligence of the security did later produce the presence of the principal and his delivery to the proper officer," which was his obligation under the forfeited bond. This difference between the facts in the *Stewart* case and those in the case at bar is of such consequence as to remove the *Stewart* case as a precedent, if that was necessary.

A few years after the decision in *Stewart* v. *Davis*, supra, the court considered *McCook* v. *Long*, 193 *Ga*. 299 (18 S. E. 2d, 488), which on a similar state of facts and legal questions held: "The resolution of the General Assembly approved March 6, 1941 (Ga. Laws 1941, pp. 1876-7), authorizing, empowering, and instructing the solicitor of the city court of Macon and the clerk thereof to refund to McCook as surety a certain sum of money paid by him into court on a criminal bond forfeiture, etc., is violative of article 7, section 16, paragraph 1, of the constitution of this State (Code, § 2-6401), which declares that 'The General Assembly shall not, by vote, resolution, or order, grant any donation or gratuity, in favor of any person, corporation, or association.'" The *McCook* case was concurred in by 5 of 6 Justices, Bell, J., dissenting. The court considered and refused to follow the *Stewart* case upon the ground that, a rule absolute having been taken, the judgment had become final, the amount thereof paid, and that any attempt by legislation to restore the money to the bondsmen would be a gratuity. Judge Grice who wrote that opinion followed the dissenting opinion in the *Stewart* case.

The decision in the *McCook* case goes into great detail, and on page 305, in showing wherein the court reached an erroneous conclusion in the *Stewart* case, said: "The conclusion thus sought to be drawn appears to overlook the fact, so clearly pointed out in the *minority opinion* in the same case, that under its plainly stated terms the constitution expressly prohibits the General Assembly from relieving principals or securities upon forfeited recognizances 'from the payment thereof,' except

under the conditions stated. In *Stewart* v. *Davis*, the General Assembly was not undertaking to relieve Davis 'from the payment thereof,' but sought to have *refunded a payment already made* by him."

In conclusion in the *McCook* case, the court states: "It is not, however, because of the shadowy distinction between the facts of the *Stewart* case and the instant case that we decline to apply it, but because we are of the opinion that such ruling is unsound, and that a logical extension of what this court decided in *Smith* v. *Fuller* and *Geer* v. *Dancer*, supra, compels a ruling that the resolution of the General Assembly here involved was void because it was an attempt by the legislature to donate funds to the surety, which was beyond its constitutional power. See *Longino* v. *Hanley*, 184 *Ga.* 328 (191 S. E. 101)."

The eleventh ground of demurrer in the case at bar sets up the contention that paragraph 18, section 7, article 3 (Code, Ann., § 2-1918) of the Constitution does not permit the refunding of money paid on a bail recognizance, but prohibits such action.

Counsel for the plaintiff in error argues that there was a moral obligation to sustain the resolution in question. We can see no such obligation either moral or otherwise. On the contrary, it is our opinion that—if a condition should arise in this State which would permit a defendant in a criminal case to ignore the assignment of his case for trial, or on an appeal bond to ignore the forfeiture proceedings, and permit his recognizance to be forfeited and collected, and thereafter upon being captured, and turned over to the sheriff to serve his sentence, then upon a simple resolution of the legislature be able to have the money collected on the forfeited recognizance taken from the county treasury where it had been legally paid by the sheriff, and returned to the bondsmen—such a state of affairs would hinder and in many instances destroy the enforcement of the law in criminal cases. Such a situation would in our opinion be abhorrent to a proper sense of public duty and the proper administration of justice in the courts. In such a case there could not possibly be a moral obligation to refund the bond penalty collected and paid into the county treasury.

In considering the questions here raised under article 7, section 1, paragraph 2, subparagraph 1, and article 3, section 7,

paragraph 18, of the Constitution of 1945 (Code, Ann., §§ 2-5402 and 2-1918), the dissenting opinion in *Stewart* v. *Davis,* 175 *Ga.* 545 (supra), on page 551 stated: ". . after the payment of such bonds there is no provision in the constitution for the relief of the principals or securities."

On page 306 of the *McCook* case (193 *Ga.* 299), the court (Justice Bell dissenting) affirmed an order sustaining the general demurrer "because it was an attempt by the legislature to donate funds to the surety, which was beyond its constitutional power."

In consonance with *McCook* v. *Long,* supra, we hold that, after the payment of a final judgment on a bond forfeiture and the delivery of that money to the county authorities, who maintain the courts, no resolution or act of the legislature may legally direct a refund of such payment. In this connection, see *McCook* v. *Long,* 193 *Ga.* 299, 303 (supra), and *City of Fitzgerald* v. *Witchard,* 130 *Ga.* 552 (61 S. E. 227).

■ The judgment of the trial court will be sustained upon the general grounds of demurrer here considered. Since the rulings heretofore made are controlling, we do not deem it necessary to consider the remaining grounds, for it has long been a rule of this court that it will not decide constitutional questions if not necessary to a proper consideration of the case sub judice.

*Judgment affirmed. Duckworth, C. J., Atkinson, P. J., Wyatt, Head, Candler, and Hawkins, JJ., concur.*