26785.  CARTER et al. v. HAYNES.
26786.  CARTER et al. v. BARROW.

ARGUED OCTOBER 12, 1971—DECIDED DECEMBER 1, 1971—
REHEARING DENIED DECEMBER 17, 1971.

*Seay & Sims, Marshall R. Sims, Clifford Seay, Arthur K. Bolton, Attorney General,* for appellants.

*Heyman & Sizemore, W. Dan Greer,* for appellees.

MOBLEY, Presiding Justice. The members of the Board of Commissioners of the Peace Officers Annuity and Benefit Fund of Georgia and the Secretary-Treasurer of the Fund appeal in these two cases from the grant of mandamus absolute to two members of the Fund, directing that their retirement benefits be increased in accordance with Ga. L. 1971, pp. 12-17, amending the Act creating the Fund (Ga. L. 1950, p. 50 et seq.), and Acts amendatory thereof. *Code Ann.* § 78-901 et seq.

The 1971 Act establishes a new scale for determining retirement benefits, and provides that the service of each member who retired prior to the effective date of the Act, April 1, 1971, "shall be recomputed and if it is determined that the amounts provided for herein shall result in an increase in the retirement benefits being paid to such member, such benefits shall be increased to the proper amount, and shall be paid to him in the future." Ga. L. 1971, pp. 12, 16.

The Board refused to pay increased benefits to the two members who are appellees here. The members filed mandamus actions and the Board defended on the ground that the provision of the 1971 law directing the increase in retirement benefits to persons whose services have terminated was unconstitutional. The trial judge granted the mandamus absolute in each case, and commanded the Board to recompute the appellees' benefits in accordance with the 1971 Act.

The appellants contended that the provision of the 1971 Act authorizing an increase in pension benefits after the completion of service violates the following provisions of the Constitution: "1. The General Assembly shall not by vote, resolution, or order grant any donation or gratuity in favor of any person, corporation or association. . . 2. The

General Assembly shall not grant or authorize extra compensation to any public officer . . . after the service has been rendered . . ." Art. VII, Sec. I, Par. II (*Code Ann.* § 2-5402). "No . . . retroactive law, or law impairing the obligation of contracts, . . . shall be passed." Art. I, Sec. III, Par. II (*Code Ann.* § 2-302).

■ In 1970 an amendment was proposed to Art. VII, Sec. I, Par. II of the Constitution (Ga. L. 1970, pp. 1153-1154), which was later ratified, adding the following paragraph: "Any other provisions of this Constitution to the contrary notwithstanding, the General Assembly is hereby authorized to provide by law, from time to time, for the increase of retirement or pension benefits of retired persons who retired pursuant to any retirement system, annuity and benefit fund, pension system or any similar system heretofore or hereafter created by law to which the General Assembly appropriates funds. The General Assembly shall be authorized to appropriate funds for the purpose of increasing the retirement or pension benefits of such retired persons."

The fund for the payment of retirement benefits for peace officers is derived from contributions by members, donations, and by designated amounts from fines and forfeitures in all criminal and quasi-criminal cases for violating State statutes or municipal ordinances. *Code Ann.* §§ 78-907, 78-908, 78-909. No appropriation from the State treasury is made to this fund. It is therefore necessary to determine whether the words "appropriates funds" in the constitutional amendment (Ga. L. 1970, pp. 1153-1154), mean the designation of particular public funds for a specific purpose, or appropriations from the State treasury only.

"In specific terms, an 'appropriation' may be defined as an authority of the legislature, given at the proper time and in legal form to the proper officers, to apply a distinctly specified sum from a designated fund out of the treasury, in a given year, for a specified object or demand against the state. In general terms, an appropriation is the act of setting money apart formally or officially for a special use or purpose by the legislature in clear and unequivocal terms

in a duly enacted law." 42 AmJur. 747, Public Funds, § 43.

In the context of the constitutional amendment considered here we are of the opinion that the words "appropriates funds" mean the appropriation of funds from the State treasury. A different construction would render the phrase "to which the General Assembly appropriates funds" meaningless. The words "created by law" would be all that would be necessary to describe all the retirement systems for public officers which the General Assembly has created. The addition of the phrase "to which the General Assembly appropriates funds" apparently is for the purpose of limiting the amendment to those retirement systems for which the General Assembly appropriates funds from the State treasury.

Therefore the constitutional amendment (Ga. L. 1970, pp. 1153-1154) does not apply to the retirement system for peace officers.

■ The appellees contend that the purpose of the constitutional prohibition against the grant by the General Assembly of any donation or gratuity (Code Ann. § 2-5402) is to protect the public treasury from diversion to private uses, and that the constitutional provision has no bearing on the distribution of the fines and forfeitures which have already been allocated to the retirement fund for peace officers.

This court has previously held that fines and forfeitures are public funds which may not be donated by the General Assembly. Atlanta Chamber of Commerce v. McRae, 174 Ga. 590, 594 (163 SE 701); McCook v. Long, 193 Ga. 299 (18 SE2d 488); Washburn v. MacNeill, 205 Ga. 772 (1) (55 SE2d 135).

In Cole v. Foster, 207 Ga. 416 (61 SE2d 814), it was held that Ga. L. 1950, p. 50 et seq., creating the Peace Officers Annuity and Benefit Fund, did not offend the constitutional prohibition against the grant of a donation or gratuity because the retirement benefit was adjusted compensation for services rendered.

The increased retirement benefits to be paid to a member who had retired prior to the effective date of the 1971 Act

(Ga. L. 1971, pp. 12, 16) could not be adjusted compensation for services rendered, since the service was completed prior to the increase of the retirement benefits. This provision of the 1971 Act therefore violates the constitutional prohibition against the grant of donations or gratuities, and the grant of extra compensation to a public officer after the service has been rendered. *Code Ann.* § 2-5402.

In view of this ruling, it is unnecessary to determine whether the provision of the 1971 Act is retroactive.

■ The appellee Barrow had a retirement status at the time the 1971 Act became effective. The appellee Haynes retired prior to this date, but applied for leave of absence as allowed by *Code Ann.* § 78-919, and continued to contribute to the fund.

Neither of the appellees was entitled to mandamus absolute to require a recomputation and increase of his retirement benefits in accordance with the 1971 Act, since the service of each had terminated at the time of the effective date of the 1971 Act.

*Judgments reversed. All the Justices concur.*