TATE *et al. v.* CITY OF ELBERTON *et al.*

ATKINSON, J.   1. By art. 7, sec. 7, par. 1, of the constitution (Civil Code (1910), § 6563), it is declared that the debt of a municipal corporation shall not exceed seven per centum of the assessed value of all the taxable property therein; and no municipality shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property therein, without the assent of two thirds of the qualified voters thereof at an election for that purpose, to be held as prescribed by law.

(a) The provision as to cities the debt of which did not exceed seven per centum of the assessed value of the taxable property at the time of the adoption of the constitution is not material in the present case.

2. A liability for a legitimate current expense may be incurred, provided there is at the time of incurring the liability a sufficient sum in the treasury of the municipality which may be lawfully used to pay the liability incurred, or if a sufficient sum to discharge the liability can be raised by taxation during the current year. *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244).

3. This does not authorize municipal authorities to borrow money (not to supply casual deficiencies of revenue) for the purpose of using it during the year in defraying current expenses as occasion may arise, and to give notes therefor.

4. Under the constitutional provision cited above, municipal officers have not the right to borrow money, except upon being authorized as therein provided, on the ground that the municipality has sources of revenue, such as charges for furnishing water and electric lights, and fines and forfeitures, which may be imposed in a recorder's court, and the like, from which it is contemplated that money will arise which can be used to discharge such indebtedness.

5. Under the evidence adduced on the interlocutory hearing, it appeared that the municipal authorities had borrowed money and given notes therefor, and that such indebtedness was not created in the manner authorized by the constitution. If the money obtained from such loan was traceable into the payment of legitimate municipal liabilities, and if any rights arose from such fact, either by way of implied contract or subrogation, such fact was not made to appear by the evidence contained in the record. It was, therefore, error to restrict the injunction against the payment of such notes to be used for that purpose by the money arising from a sale of bonds issued for street improvements and taxes arising from the levy for the year 1910.

(a) This was a proceeding brought by citizens and taxpayers to enjoin the municipal authorities from paying generally and specially certain debts alleged to be unconstitutional. It was not a proceeding by the holders of the claims, nor were they parties to the proceeding.

6. There was testimony tending to show that the open accounts which the municipal authorities intended to pay were incurred for legitimate municipal expenses for the current year, and the presiding judge so treated them. If so, and they were within the constitutional limitation as stated in previous headnotes, provision should have been made for their payment by taxation. If such provision were not so made, after applying the taxes levied for the year to the purposes specified in the levy, if there should be any residue, it could be applied to the payment of such claims and liabilities. Funds arising from other sources than taxation, if not required by law to be applied in some other particular direction, might also be used for the discharge of such liabilities.

7. The judge erred in restricting the interlocutory injunction relative to payment of notes, as ruled in the fifth headnote; and also erred, as to the open accounts, in merely declaring that their payment should be enjoined, by use of the funds derived from the sale of bonds for street improvements and from taxation for the current year, "unless . . from funds derived from the levy of taxes there should be funds that can lawfully be so applied, but they are not enjoined from paying said accounts out of any other funds in the treasury available for that purpose and which can legally be applied to the payment of such accounts." It was the duty of the judge to determine, so far as necessary for the purpose of granting or refusing the interlocutory injunction, whether the open accounts represented legitimate expenses as herein defined, and whether certain funds could be lawfully applied to their payment,

and, if he so held, to state clearly to what funds he had reference, and not leave that open for determination by the defendants themselves. *Judgment reversed. All the Justices concur, except Holden, J., disqualified.*

May 11, 1911.

Injunction. Before Judge Meadow. Elbert superior court. December 24, 1910.

*P. P. Proffitt,* for plaintiffs. *J. N. Worley,* for defendants.