### 6432. RAMEY v. STURGEON.

1. This was a suit by a real-estate agent for commissions for effecting an exchange of property. There was evidence that the defendant was apprised by the agent of the fact that the agent represented the other party to the transaction also, and was to receive a commission from

that party also. This evidence was disputed by the defendant, and the jury decided the issue of fact against him.

2. There was proof that there was at the time of the trade a custom among real-estate agents in Atlanta, where an exchange of property was made between two owners, to charge both parties commissions. The court did not err in instructing the jury that if they believed that such a general custom existed at the time the contract was entered into, and that the defendant had notice of its existence, and yet "allowed the plaintiff to render services and remained silent," the plaintiff would be entitled to recover.

DECIDED OCTOBER 22, 1915.

Complaint; from municipal court of Atlanta. February 20, 1915.

*H. W. Dent, W. R. Hammond,* for plaintiff in error.

*Dillon, Burress & Koback,* contra.

WADE, J. The assignment of error on the charge did not specify the error. The defendant denied any knowledge of the custom referred to in the headnote, and this raised an issue which was properly submitted to the jury by the charge complained of. Under this charge a recovery in favor of the plaintiff would be authorized only on proof of the custom, and of defendant's knowledge of its existence; and the defendant had no cause to complain of this instruction. As there was absolutely no testimony tending to show such knowledge, the jury must have based their verdict upon the evidence that the defendant had notice of the alleged fact that the plaintiff was acting as agent for both parties in the transaction, and expected to receive commissions from both, rather than upon the knowledge of the defendant as to the existence of the custom. The fact that the plaintiff was unable to fix the exact date when the defendant was advised as to the dual agency will not destroy the effect of the evidence, since the testimony clearly authorized the inference that the defendant had such notice before the consummation of the exchange, and it appears that he made no protest or objection, but remained silent and permitted the plaintiff to go forward and effect the exchange of property contemplated, and even thereafter did in fact pay some portion of the commission exacted of him. The jury simply accepted the testimony of the plaintiff in preference to that of the defendant on the question as to the notice of the double agency of the plaintiff.

*Judgment affirmed.*