## DeVAUGHN, commissioner, *et al. v.* BOOTEN *et al.*

County authorities can not lawfully appropriate money in the county treasury to engage the services of attorneys at law for the purpose of resisting, before the legislature or the committees thereof, the passage of a resolution for the submission of a constitutional amendment having for its purpose the creation of a new county which would include territory taken from the county so retaining counsel. And where attorneys are so retained, the board of commissioners in charge of the county affairs, seeking the defeat of the proposed constitutional amendment, can not lawfully issue warrants on funds in the county treasury for the payment of attorney's fees and other expenses incurred, and may be enjoined from so doing, at the suit of a citizen and taxpayer of the county.

MAY 18, 1917.

Injunction.    Before Judge Littlejohn.    Macon superior court. July 3, 1916.

The board of commissioners of roads and revenues of Macon County adopted a resolution providing, in substance, that such amount of the county funds as might be needed, up to the sum of five thousand dollars, be voted and appropriated out of the county treasury, to be expended in combating a movement to have created, by constitutional amendment, a new county in the State to be known as Peach County, the creation of which contemplated the cutting off of valuable territory now embraced in Macon County; and to prosecute an effort and plan to acquire a tier of lots from Houston County to be added to Macon County; the resolution contemplating the services of attorneys and the expenses of others in "appearing before the various committees of the legislature to contest the progress in every way possible and the legality of every move in the courts and outside," in order to defeat the proposed legislation to subtract from the territory of Macon County, and contemplating the services of attorneys and agents in the effort to acquire from Houston County and add to Macon County certain lots, as provided by law for the change of county lines. J. O. Booten and others, as residents and taxpayers of Macon County, brought their petition against a majority of the members of the board of commissioners, and against the treasurer of the county and others acting with them, to enjoin them from giving force and effect to the resolution, and to enjoin the commissioners from ordering vouchers or warrants drawn on the county funds for the purposes stated, and the treasurer from paying the same; it being claimed by the

petitioners that there is no law which authorizes those officials to make such use of the county funds. Upon the hearing the court enjoined the defendants as prayed, and they excepted.

*Jule Felton,* for plaintiffs in error.

*Hall & Grice* and *Charles J. Bloch,* contra.

BECK, J. (After stating the facts.) Under the constitutional limitations prescribed in the Civil Code, § 6562, the only purposes for which a county of this State may lawfully levy and collect taxes are: "for educational purposes; to build and repair public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers, and pay debts heretofore existing; to pay the county police, and to provide for necessary sanitation." Where it is proposed by the county authorities to levy and collect taxes for other purposes than those here specified, or where it is proposed to pay out of the treasury of the county money raised by taxing its citizens for a purpose not included in the foregoing, a court of equity will interfere at the suit of citizens and taxpayers of the county. *Mitchell* v. *Lasseter,* 114 *Ga.* 275 (40 S. E. 287) ; *Koger* v. *Hunter,* 102 *Ga.* 76 (29 S. E. 141). The only basis appearing in the words just quoted, which even gives color to the demands for the issuance and payment of warrants drawn on the funds of the county for the purposes indicated in the foregoing statement of facts, is to be found under the authority of the county to levy taxes for litigation. But the litigation which is within the purview of this paragraph of the constitution is litigation in the courts affecting the property or the rights of the county. Webster defines litigation to be, "The act or process of litigation; a suit at law; a judicial contest." Cyc. defines the term, "A judicial controversy, a contest in a court of justice, for the purpose of enforcing a right." We do not think that the services and activities of attorneys at law and others in appearing before the legislature and the committees thereof, and in otherwise combating a movement to create by constitutional amendment a new county, however commendable it may be in the county authorities to resist the subtraction from their county of territory necessary in the creation of the proposed new county, come within the definition of litigation, when that term is given its broadest possible legitimate signification. And that being true,

the payment of warrants drawn on the county funds would be unauthorized, and the court properly enjoined the same.

*Judgment affirmed. All the Justices concur.*