11164.   CITY OF ATLANTA *v.* GULF PAVING COMPANY.

SMITH, J. 1. A municipality may incur liability for a legitimate expense without creating a debt within the meaning of article 7, section 7, paragraph 1, of the constitution of this State (Civil Code of 1910, § 6563), provided there be, at the time of incurring the liability, a sufficient sum in the treasury which may be lawfully used to pay the liability incurred, or if a sufficient amount to discharge the liability can be raised by taxation during the current year. *Tate* v. *Elberton,* 136 *Ga.* 301 (71 S. E. 420) ; *City Council of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696 (32 S. E. 907) ; *City of Waycross* v. *Tomberlin,* 146 *Ga.* 504 (5) ; *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (3) (99 S. E. 374).

(a) The mere " appropriation " by the County of Fulton of money for the purpose of paving a street within the corporate limits of the City of Atlanta would not be such a provision by the city for paying the cost of the improvement as would authorize it to incur a liability therefor. See *Tate* v. *Elberton,* supra.

2. The evidence on the trial of this case showed that the City of Atlanta, desiring to repave a portion of a street within the city limits on the basis of assessments against abutting-property owners for part of the cost of the improvement, and against the property of the street-car company which occupied the street, for a part of the cost of the improvement, and without any provision for payment of the balance of the cost of the improvement, except that the board of commissioners of roads and revenues of the county of Fulton had promised to appropriate a specified amount for that purpose, advertised for bids to make the improvement, and in the advertisement provided that each bidder should deposit $1,000, conditioned to enter into a contract to make the improvement in the event the bid should be accepted, and that upon

failure to enter into the contract the deposit should be forfeited to the city as liquidated damages. The plaintiff filed a bid and deposited with the city a check for $1,000, conditioned as above mentioned. The bid was accepted, and after notice of acceptance a demand was made upon the bidder to execute the contract to do the paving. The bidder declined upon the ground that the city had not provided means with which to pay for the work, and the defendant thereupon claimed and cashed the deposited check as a forfeiture. The documentary evidence introduced showed that at the time the contract in question was entered into, the city by solemn ordinance, which has never been repealed or amended, had appropriated to other purposes than the paving of the designated streets every dollar it could raise from any and all lawful sources of revenue, including the whole amount which it was authorized under its charter to raise by taxation. The promise by the County of Fulton to appropriate an amount to help pay the cost of paving the street was never carried out. *Held,* that, applying to these facts the principles announced above, the evidence demanded a verdict in favor of the plaintiff, who was seeking to recover the amount deposited with the city and which the city had claimed and converted to its own use; and the court did not err in directing such a verdict.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 18, 1920.

Action for money had and received; from Fulton superior court — Judge Bell. October 22, 1919.

*J. L. Mayson, J. M. Wood,* for plaintiff in error.

*Anderson, Rountree & Crenshaw,* contra.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*