19583. POPE v. HARPER.

BELL, J. 1. "Contracts of dual agency are not void per se, but only so when the fact that the agent represented both parties was not known to each." *Red Cypress Lumber Co.* v. *Perry,* 118 *Ga.* 876 (45 S. E. 674): While such an agency requires the consent of each principal in order to legalize its dual character, yet, where the fact that the agent is representing several principals is known to each and they go forward with the transaction without objecting, their consent will be implied both as between themselves and as to such agent. *Winer* v. *Flournoy Realty Co.,* 27 *Ga. App.* 87 (3) (107 S. E. 398); *Ramey* v. *Sturgeon,* 17 *Ga. App.* 292 (86 S. E. 660); *Ballow* v. *Ware,* 16 *Ga. App.* 149 (84 S. E. 597); *F. & W. Grand Stores* v. *Eiseman,* 160 *Ga.* 321 (4) (127 S. E. 872); *Napier* v. *Adams,* 166 *Ga.* 403 (2) (143 S. E. 566). The charge of the court was in accordance with these principles and was not erroneous.

2. The testimony of a party must be construed most strongly against him when it is vague, equivocal, or self-contradictory. *Hogan* v. *Gilbert,* 27 *Ga. App.* 444 (3) (108 S. E. 625); *Shepard* v. *Chappell,* 29 *Ga. App.* 6 (2) (113 S. E. 23); *Rhodes* v. *Gunn,* 34 *Ga. App.* 115 (3) (128 S. E. 213).

3. In this suit to recover an amount as commissions alleged to be due to the plaintiff as broker by the defendant as purchaser in a transaction wherein the defendant purchased lands from a third person, it being shown by the plaintiff's own testimony, without dispute, that the defendant agreed to pay the commissions only upon condition that the plaintiff as broker would step aside and allow the defendant to negotiate directly and singly with the owner, in the hope of obtaining a lower price than that named by the plaintiff, and that the plaintiff breached this condition by immediately writing to the owner that he had sold the lands to the defendant at the price so named, the plaintiff was not entitled to recover, and the verdict in his favor should have been set aside on the defendant's motion for a new trial. Civil Code (1910), §§ 4223, 4224; *Schmidt* v. *Mitchell,* 117 *Ga.* 6 (4) (43 S. E. 371); *Loewenherz* v. *Weil,* 33 *Ga. App.* 760 (2) (127 S. E. 883).

Judgment reversed. *Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 15, 1929.

*W. A. Slaton,* for plaintiff in error. *Earle Norman,* contra.