[No. 21907. Department Two. December 10, 1929.]

A. L. MILLER *et al., Respondents,* v. GEORGE UNGEMACH
*et al., Appellants.*[1]

*Dale McMullen* and *Claude C. Snider,* for appellants.
*Miller, Wilkinson & Miller,* for respondents.

MAIN, J.—This action was brought by the plaintiffs
to compel the board of county commissioners of Clark
county to audit and allow a claim for professional
services rendered to Diking Improvement District No.
3 in that county. The cause was tried to the court,
without a jury, and resulted in findings of fact from
which the court concluded that the plaintiffs were en-
titled to the relief sought. A judgment was entered,
which is designated as a writ of mandamus, directing
the defendants to audit the claim, and either allow
or disallow the same, which was filed by the plaintiffs
in November, 1927, and, in case the claim is allowed,

[1]Reported in 282 Pac. 840.

fix what would be a fair and reasonable sum for the services performed and cause a warrant to be issued for this amount against the diking district, from which the defendants appeal.

The facts, as they appear in the findings, may be summarized as follows: The respondents were engaged in the practice of law in the city of Vancouver. May 5, 1919, Diking Improvement District No. 3 of Clark county was regularly established under chapter 176, Laws of 1913, p. 611, and the amendments thereto. On or about this time the respondents were employed by the board of county commissioners of Clark county as special attorneys for Diking Improvement District No. 3. The employment was regularly made by motion, but, through inadvertence, no record thereof was set out in the minutes of the board. Subsequent to the employment, the respondents, through A. L. Miller, a member of the firm, rendered valuable services to Diking Improvement District No. 3, for which they have not been paid. They also incurred certain expenses on behalf of the district for which they have not been reimbursed. The respondents presented and filed a claim with the board of county commissioners for the services rendered and the expenses incurred, but the board has refused to pass upon the claim or cause a warrant to be issued against the diking district.

The facts above set out are supported by the evidence. The question is whether the contract of employment was invalid because not reduced to writing and approved by the judge of the superior court of Clark county.

Section 4075, Rem. Comp. Stat., provides:

"It shall be unlawful for any board of county commissioners in any county in this state to employ, contract with or pay any special attorney or counsel to perform any duty which the attorney general or any

prosecuting attorney is authorized or required by law to perform, unless the contract of employment of said special attorney or counsel shall have been first reduced to writing and approved by the superior judge of said county or a majority of the judges thereof, in writing indorsed thereon: Provided, this section shall not prohibit the appointment of deputy prosecuting attorneys in the manner provided by law."

It will be observed that by this statute a contract to employ special counsel to perform any duty which the prosecuting attorney is authorized or required to perform must be reduced to writing and approved by the judge of the superior court of the county or a majority of the judges thereof. In connection with the statute, three things should be especially noted: (a) The contract must be in writing; (b) if the contract be in writing it necessarily follows that one of the terms thereof would be the amount of compensation to be paid to the special attorney, and (c) that the sum thus to be paid would be a charge against the county and payable out of the funds derived from general taxation. To determine whether that section of the statute applies in the present case, it is necessary to notice certain sections of the diking improvement act, one of which is Rem. Comp. Stat., § 4406. That section, after defining certain terms as used in the act, contains this:

" 'Prosecuting attorney,' as used in this act, shall be held to include any attorney specially employed by the board of county commissioners in connection with the carrying out of the provisions of this act to advise or carry on proceedings in court with reference to a system of improvement initiated and constructed under the provisions of this act."

It will be observed that it is there said that "prosecuting attorney," as used in the act, shall be held to include any attorney "employed by the board of county commissioners" in connection with the carrying out of

the provisions of the act. There is no mention there that the contract shall be in writing or that it shall be approved by the judge of the superior court of the county, or by a majority of the judges thereof, as the case may be.

Section 4428 in part provides:

"The compensation of the board of supervisors, superintendent of construction, the board of appraisers hereinafter provided for, and any special engineer, attorney or agent employed by the board of county commissioners in connection with the improvement, the maximum wages to be paid, and the maximum price of materials to be used, shall be fixed by the board of county commissioners."

In this section it is expressly provided that the compensation of an attorney specially employed shall be fixed "by the board of county commissioners." There is no reference here to the contract being in writing or to its approval by the judge or judges of the superior court.

There is no requirement that the compensation shall be fixed before the services are performed. Section 4430 provides that:

"When the improvement is fully completed and accepted by the county engineer, the clerk of the board shall compile and file with the board of county commissioners an itemized statement of the total cost of construction, including engineering and election expenses, the cost of publishing and posting notices, damages and costs allowed or awarded for property taken or damaged, including compensation of attorneys, . . ."

There is a further provision in this section that there shall also be included, in case the engineer is a salaried officer, a statement of services performed by him in connection with the improvement at a per diem of five dollars per day "and a reasonable sum to be fixed

by the board of county commissioners on account of the services rendered by the prosecuting attorney."

From this section it clearly appears that it was contemplated that the services of the special attorney or the prosecuting attorney would be determined after the services had been rendered or might be so determined. In this respect the act is in conflict with § 4075 if that shall be held to apply to a case of this kind. In none of the sections of the statute of the drainage act referring to special employment of an attorney by the board of county commissioners on behalf of the diking district, is there any reference to such contract being made in writing or approved by the judge or judges of the superior court. Had the legislature intended that the section of the statute first above referred to, requiring such contract to be in writing and approved by the judge or judges of the superior court, to apply in the case of employment by the board for the diking district, it would have been easy to have so stated. The fact that it is not so stated indicates that it was not the legislative intent that § 4075 should apply to the employment of a special attorney for the diking district. If it should be held to apply, then that statute cannot be reconciled with certain of the provisions of the diking act. We are clear that it was not the legislative intent that a contract, made by the board of county commissioners employing a special attorney on behalf of a diking district, should be in writing and approved by the judge or judges of the superior court in order to be valid and binding.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.