VINCENT *v.* MacNEILL, treasurer, *et al.*

No. 12195. June 25, 1938. Rehearing denied July 11, 1938.

*George G. Finch,* for plaintiff.

*Hendrix & Buchanan, Carter, Stewart & Johnson, W. S. Northcutt, E. Harold Sheats,* and *Charles B. Shelton,* for defendants.

Russell, Chief Justice. Art. 7, sec. 6, par. 2, of the constitution of this State (Code, § 2-5402), declares: "The General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers and pay debts heretofore existing; to pay the county police, and to provide for necessary sanitation, and for the collection and preservation of records of birth, death, disease, and health." By an amendment proposed by an act of the General Assembly of 1929 (Ga. L.

1929, p. 135), and ratified on November 4, 1930, it was provided: "The Commissioners of Roads and Revenues of Fulton County shall have authority to establish and administer sewerage, water, . . fire-prevention systems; to establish and maintain parks; and to levy taxes or assessments on property therefor." In pursuance of the constitutional provision first quoted above the legislature has declared certain purposes for which county taxes may be levied. "1. To pay the legal indebtedness of the county, due or to become due during the year, or past due. 2. To build or repair court-houses, jails, bridges, ferries, or other public improvements, according to contract. 3. To pay sheriffs', jailers', or other officers' fees for which the county is liable. 4. To pay coroners all fees due them by the county for holding inquests. 5. To pay the expenses of the county, for bailiffs at court, non-resident witnesses in criminal cases, fuel, employees' wages, stationery, and the like. 6. To pay jurors a per diem compensation. 7. To pay expenses incurred in supporting the poor of the county. 8. To pay charges for educational purposes, to be levied only in strict compliance with the law. 9. To pay any other lawful charge against the county. 10. To pay the expenses of working public roads in those counties which have adopted the alternative road law. 11. To pay the expenses of quarantine and necessary sanitation. 12. To pay the county police. 13. To pay for the collection and preservation of records of birth, death, disease, and health." Code, § 92-3701.

■ "The debt hereafter incurred by any county, municipal corporation or political division of this State, except as in this constitution provided for, shall never exceed seven per centum of the assessed value of all the taxable property therein, and no such county, municipality, or division shall incur any new debt except for a temporary loan or loans, to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of the taxable property therein, without the assent of two thirds of the qualified voters thereof, voting at an election for that purpose to be held as prescribed by law." Constitution of Georgia, art. 7, sec. 7, par. 1. Code, § 2-5501. Under the foregoing constitutional provision, county officers have no right to contract a debt, except upon being authorized as therein provided, on the ground that anticipated revenues from sources other than taxation can be used to discharge such indebtedness. *Tate* v. *Elberton,* 136

*Ga.* 301 (4), 302 (71 S. E. 420). See also *Byars* v. *Griffin,* 168 *Ga.* 41 (147 S. E. 66).

■ The exception in this case is to a judgment refusing to enjoin the county treasurer of Fulton County from paying $6,333.33, based on a contract the material provisions of which are as follows: "Georgia, Fulton County. This agreement entered into this the 9th day of August, 1937, between Dr. Thomas H. Reed of New York, New York, first party, and Atlanta Chamber of Commerce, a corporation of Atlanta, Georgia, the City of Atlanta, a municipal corporation of the State of Georgia, and Fulton County, Georgia, second parties. Witnesseth: (1) Second parties hereby employ first party to make a complete administrative and financial survey of the City of Atlanta and of Fulton County, which will include the study of the operation of each department of the respective governments; a complete job analysis covering the work and compensation of all employees; an analysis of school costs; a study of the general financial situation; a consideration of assessed valuations and assessments and tax-collection procedure, and a consideration of the constitutional and other legal problems involved. The results of the survey will be embodied in two reports and drafts of the necessary legislation, consisting of: 1. A detailed report in which all the supporting data is set forth to be available for reference. 2. A brief report in form suitable for general distribution, stating the recommendations of the survey. 3. The proposed legislative acts and constitutional amendments necessary to carry out the recommendations. . . (9) Neither of second parties shall be liable for any default on the part of either of the other second parties to carry out any obligation imposed upon it under this agreement, and the liability of each of second parties is expressly limited to six thousand three hundred thirty-three dollars and thirty-three cents ($6,333.33). . . (12) This agreement is executed by Fulton County pursuant to resolutions of the Board of Commissioners of Roads and Revenues of Fulton County duly entered upon the minutes of said board." *Held,* that this contract is not for a purpose included in those for which the foregoing provisions of the constitution authorize levying a tax. The court erred in refusing an interlocutory injunction. *DeVaughn* v. *Booten,* 146 *Ga.* 836 (92 S. E. 629); *Atlanta Chamber of Commerce* v. *McRae,* 174 *Ga.* 590 (163 S. E. 701).

*Judgment reversed. All the Justices concur.*