19505, 19506.  RAWLS *et al.* v. CITY OF JONESBORO *et al.;* and *vice versa.*

CANDLER, Justice. This litigation was brought against the City of Jonesboro, a municipal corporation, and the individuals composing its governing body, by W. E. Rawls and 27 other citizens and taxpayers of the defendant city. The petition contains three counts. Count one as amended in substance alleges: Since March 12, 1956, the defendant city has contracted with named companies for the purchase and erection of

a 200,000-gallon-capacity water tank and for the purchase and installation of a sewerage disposal plant, the total cost of which will aggregate $120,547. For the purchase price and erection of the water tank, the defendant city has obligated itself to pay $34,700, and of this amount 60% must be paid when the material is delivered, 30% must be paid when the tank is erected, and the remaining 10% must be paid on final test and acceptance of it. No copy of either contract is attached to the petition, and there is no allegation as to when the sewerage disposal plant is to be installed or paid for. As shown by its 1955 tax digest, the assessed value of all taxable property in the defendant city was $1,681,863, and on July 19, 1956, the defendant city had a cash balance in its treasury of $2,375.66. The liability which the defendant city has incurred by the contracts has not been authorized by the voters of the city at an election called and held for that purpose, and the liability so created by the contracts is prohibited by the municipal-debt provision of article 7, section 7, paragraph 1, of the Constitution of 1945, and for this reason the contracts are void and unenforceable. Count two alleges: The location selected by the defendants for the proposed water tank is on an open lot in a residential section of the defendant city; that it will not be concealed by trees or other natural objects; that it will be an ugly, unattractive, and unsightly addition to the neighborhood; that it will render their property less desirable for residential use; and that its erection on the selected site will greatly diminish the value of their homes. And count three alleges that it would be more economical for the defendant city to purchase any additional water it needs from the Clayton County Water Authority than to purchase and erect the water tank for which it has contracted. Besides for process, rule nisi, and service, the prayers are that the defendants be temporarily and permanently enjoined from constructing or permitting others to construct the aforementioned projects, and that the defendants be temporarily and permanently enjoined from using the city's tax funds for the purpose of paying the obligations created by the project contracts. The defendants demurred generally to each count of the petition on the ground that it stated no cause of action for the relief sought. The demurrers to counts one and two were overruled, and the one to count three was sustained. At an interlocutory hearing, and after the parties had introduced their evidence, the court temporarily enjoined the defendants from using the city's tax funds for the purpose of paying the obligations created by the project contracts, but refused to enjoin the defendants from erecting or permitting the erection of the water tank on the site mentioned in count two of the petition. In the main bill of exceptions, the plaintiffs assign error on the latter part of this ruling. The defendants in a cross-bill of exceptions assign error on the judgment overruling their demurrers to counts one and two of the petition, and also on that part of the judgment which temporarily enjoined them from using tax funds for the purpose of paying the obligations created by the project contracts. *Held:*

1. Since the cross-bill of exceptions presents questions concerning the sufficiency of the allegations of counts one and two of the petition to state a cause of action for the relief sought, it will be considered and disposed of first.

(a) It is well settled that a municipality may incur liability for a legitimate expense without creating a debt within the meaning of article 7, section 7, paragraph 1, of the Constitution of this State (Code, Ann., § 2-6001), provided there be, at the time of creating the liability, a sufficient sum in the treasury which may be lawfully used to pay the liability incurred, or if a sufficient amount to discharge the liability can be raised by taxation during the current year. *City Council of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696 (32 S. E. 907); *Tate* v. *City of Elberton,* 136 *Ga.* 301 (71 S. E. 420); *City of Waycross* v. *Tomberlin,* 146 *Ga.* 504 (91 S. E. 560); *Gulf Paving Co.* v. *City of Atlanta,* 149 *Ga.* 114 (99 S. E. 374); *City of Atlanta* v. *Gulf Paving Co.,* 25 *Ga. App.* 102 (102 S. E. 558). In this case it is alleged, in count one of the petition, that the liability complained of was created by contracts for municipal improvements which were executed subsequently to March 12, 1956; and that the defendant city on July 19, 1956, had a cash balance in its treasury of $2,375.66. However, the petition in this case is completely silent in allegation as to the 1956 assessed value of the taxable property within the corporate limits of the defendant city, and it is not alleged anywhere in the petition that the liability created by the contracts can not be discharged in full out of taxes which could be lawfully levied and collected by the defendant city during the current year in which the liability was incurred. It is an elementary rule, which needs no citation of authority, that on demurrer a pleading will always be construed most strongly against the pleader; and, on application of this rule, we hold that the general demurrer to count one of the petition should have been sustained.

(b) Under the rulings made in *Long* v. *City of Elberton,* 109 *Ga.* 28 (34 S. E. 333, 46 L. R. A. 428, 77 Am. St. R. 363), *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465 (85 S. E. 344, L. R. A. 1915E 430), *Washington Seminary* v. *Bass,* 192 *Ga.* 808 (16 S. E. 2d 565), *Asphalt Products Co.* v. *Beard,* 189 *Ga.* 610 (7 S. E. 2d 172), *Elder* v. *City of Winder,* 201 *Ga.* 511 (40 S. E. 2d 659), *Moore* v. *Baldwin County,* 209 *Ga.* 541 (4) (74 S. E. 2d 449), *Davis* v. *Deariso,* 210 *Ga.* 717 (82 S. E. 2d 509), and many other decisions by this court which could be mentioned, we hold that the allegations of count two of the petition were insufficient to authorize a court of equity to enjoin the erection of a municipal water tank on an open lot within a residential section of the defendant city; and a different ruling is not required in this case even though it be conceded that the erection of the water tank on the proposed site would, as contended by the plaintiffs, lessen or diminish the value of their property for residential use.

2. Since the entire petition should have been dismissed on demurrer, all subsequent proceedings taken in the case are nugatory.

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED OCTOBER 8, 1956—DECIDED NOVEMBER 13, 1956—REHEARING DENIED DECEMBER 5, 1956.

*Albert B. Wallace, Frank Adamson, Jr.,* for plaintiff in error.
*Lee Hutcheson,* contra.