## 42319.   PARKER et al. v. AVERETT.

DEEN, Judge.   1. The plaintiff filed an action to recover money paid under an allegedly unenforceable agreement on his part to purchase real estate from the defendant. The answer admitted the correctness of the contract of sale attached as an exhibit to the petition which contained the following language: "The purchase price of said property shall be $22,000, to be paid as follows: $500 check attached; $1,150 to be paid on or before June 15, 1965; $20,350 to be paid by purchaser from FHA loan on or before July 15, 1965. (This sale is contingent upon FHA approval of this property and purchaser being able to acquire FHA financing.)" The answer also admitted that plaintiff was unable to procure FHA financing in the amount of $20,350, that the Federal Housing Administration's appraisal did not approve the value of the property as being $22,000, and that they had received $1,500 which they refused to return, and that the plaintiff occupied the house in question for between two and three months and then moved out. The rental value of the premises for the time occupied remained in dispute, plaintiff admitting in the petition that rent for the time of occupancy should be deducted from the money he sought to recover. Thereafter the plaintiff moved for sum-

mary judgment, pleading in support of his motion that the defendant had admitted payment of $1,500, inability of the plaintiff to procure FHA financing in the amount stated, and also that the contract of sale erroneously described the subject property as "826 Chattahoochee Drive" when actually it was "876 Chattahoochee Drive." We construe this motion to be based on the double grounds that the contract description is too vague (erroneous) to be enforceable, and that a condition precedent to plaintiff's liability could not be met. We do not construe the motion as being limited solely to the error in description of the property. See *Benefield v. Malone,* 110 Ga. App. 607 (1) (139 SE2d 500).

2. Where the contract of sale expressly provided that the balance of the purchase price over $1,650 should be paid "from FHA loan" and that the sale was contingent on "purchaser being able to acquire FHA financing," the plain meaning of these terms construed together is that the sale was meant to be contingent upon the purchaser's ability to obtain a loan in the amount stated, and that until compliance with this condition precedent the contract is not enforceable. See *Mutual Benefit Health &c. Assn. v. Hulme,* 57 Ga. App. 876, 883 (197 SE 85) and citations; *Pope v. Harper,* 40 Ga. App. 573 (3) (150 SE 470). Any later agreement between the parties to the contrary, as stated in one of the briefs of counsel, does not appear in the record and cannot be considered by this court in determining the motion for summary judgment. Further, assuming that this court takes judicial notice that the term "FHA financing" means mortgage insurance on loans made in connection with home purchases under rules and regulations approved by the Commissioner of the Federal Housing Administration (12 USCA § 1707 et seq.) the mere fact that an insurable loan is contemplated does not remove the necessity for stating the terms of the loan and other pertinent facts from the rule stated in *Scarborough v. Novak,* 92 Ga. App. 488 (88 SE2d 800). See also *Scott v. Lewis,* 112 Ga. App. 195 (144 SE2d 460) ; *Bonner v. Jordan,* 218 Ga. 129 (126 SE2d 613). The contract was unenforceable, for which reason the trial court did not err in granting a summary judgment to the plaintiff.

3. In view of the conclusion above reached, it is not necessary to decide whether the contract was also void because the description of the property was stated therein as 826 (instead

of 876) Chattahoochee Drive. A correct judgment of the trial court must be affirmed, even though it might have been entered for some other reason than that given by this court. *Pappadea v. Clifton,* 96 Ga. App. 115, 120 (99 SE2d 455).

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 13, 1966—DECIDED SEPTEMBER 29, 1966.

*Norton & Cooper, William L. Norton, Jr., Telford, Wayne & Greer, Jeff C. Wayne,* for appellants.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr., B. Carl Buice,* for appellee.