Tom KNOX, Appellant,

v.

Willie TOWNES, Appellee.

No. 5039.

Court of Civil Appeals of Texas, Waco.

Aug. 19, 1971.

Tolbert M. Dalton, III, Dallas, for appellant.

Roy C. Coffee, Jr., Dallas, for appellee.

## OPINION

HALL, Justice.

On February 22, 1970, appellant and appellee executed a written contract whereby appellee was to purchase a residence, located in Dallas, from appellant for the price of $52,500. Appellee paid appellant $1,000 as earnest money. Under the terms of the contract, the earnest money would be forfeited to appellant if appellee failed to consummate the sale. However, the agreement contained this clause: "This contract is contingent upon purchaser obtaining satisfactory financing."

The contract of sale was never performed. Appellee brought this action for the recovery of the $1,000 deposit. Appellee pleaded the contract in his petition and alleged "that only in the event that he could obtain financing in the sum of $40,000 could he consummate the purchase contract;" that "he was not able to obtain satisfactory financing in order to consummate the con-

tract;" and that after demand, appellant had refused to return the deposit. Appellant answered with a general denial.

Appellee moved for summary judgment. Both parties filed affidavits. Summary judgment was rendered on the pleadings and affidavits, awarding appellee a recovery of $1,000 from appellant. We affirm.

In his affidavit, appellee stated that "* * * shortly after the execution of the contract, I contacted various savings and loan associations located in Dallas, Texas, to determine if I could obtain financing that would enable me to purchase the property. Thereafter, on or about March 3, 1970, I made application with First Federal Savings and Loan Association, Dallas, Texas, for a loan in the sum of $40,000 to be amortized over a twenty-five year period, calling for 9% interest per annum. The loan committee of First Federal Savings & Loan Association examined the property and returned a commitment and approved a loan of $33,600 at 9% interest per annum, payable over twenty-five years. The loan commitment was not satisfactory financing to enable me to purchase the property. I was unable to obtain a commitment from any other financial institution that would enable me to satisfactorily finance the purchase of the property made the subject of the contract between myself and Tom Knox dated February 22, 1970. Shortly thereafter, I advised my attorney to contact Mr. Knox to advise him that I would not be able to arrange satisfactory financing, and to make demand upon Mr. Knox for the return of my $1,000 deposit. * * *" Copies of the loan application and the commitment were attached to the affidavit.

Appellee's attorney made an affidavit in which he said that, in behalf of appellee, he contacted two mortgage companies "to inquire into the feasibility of obtaining a loan that would be satisfactory to Mr. Townes for the purchase of the home. After advising them of the details of the proposed purchase, both companies con-

tacted advised me that because of the tight money situation and high interest rates, that they could not issue a commitment that would satisfy Mr. Townes."

Appellant, in his affidavit, identified the contract in question and said: "The purchase price of the property was $52,500, and I received a deposit of $1,000 in cash from Mr. Willie Townes as earnest money pending closing of the transaction. The contract was contingent upon Mr. Townes' obtaining satisfactory financing. After the execution of the contract Willie Townes contacted and made application to one savings and loan company, namely, First Federal Savings & Loan Association, Dallas, Texas. First Federal Savings & Loan Association approved a loan of $33,600 at 9% per annum. Subsequent to the approval of the loan Mrs. Townes told me they were willing to close the transaction with the existing loan commitment. During the period subsequent to the loan approval and prior to Mr. Townes' refusal to close the transaction, I had another buyer willing to buy the house, but I had to refuse to sell it because Mr. and Mrs. Townes had said they still desired to close the purchase. Later, Mr. Willie Townes told me he received advice that under his present personal situation he should not close the transaction."

Of course, the hearsay statements contained in the affidavits have no probative value. Presumably, they were not considered by the trial court, and we do not consider them.

■ Parties to a contract may agree that it shall not become effective or binding until or unless some specified contingency has been met. 13 Tex.Jur.2d 152, Contracts, Sec. 31; Reinert v. Lawson (Tex.Civ.App., 1938, no writ hist.), 113 S.W.2d 293, 294. Such a stipulation creates a condition precedent, 13 Tex.Jur.2d 334, Contracts, Sec. 151; and no liability or obligation can arise on the part of the promisor, and there can be no breach of the contract by him, until the condition occurs or is performed. 13 Tex.Jur.2d 516, Contracts, Sec. 280.

■ The contract before us, by express terms, was "contingent upon purchaser obtaining satisfactory financing." "Contingent," as there used, means "dependent for effect on something that may or may not occur." Shaper v. Gilkison (Tex.Civ. App., 1949, writ ref. n. r. e.), 217 S.W.2d 878, 880. Thus, the essential elements of a condition precedent were met; and unless financing satisfactory to appellee was obtained he was under no obligation to perform the contract with appellant.

There are no pleadings of lack of diligence or want of good faith by appellee in seeking or accepting "satisfactory financing," and any defense that appellant might assert upon those grounds has therefore been waived. Rule 94, Vernon's Texas Rules of Civil Procedure. In any event, we hold that the record does not raise an issue of fact on either question.

■ The record affirmatively shows, and without contradiction, that at the time of the execution of the affidavits and the hearing on the motion for summary judgment, approximately one year after the parties had signed the contract of sale, appellee had not obtained financing that was satisfactory to him. Therefore, the contract and its forfeiture clause never became effective. The summary judgment was proper. Reinert v. Lawson, supra; Shaper v. Gilkison, supra; Faulkner v. Otto (Tex.Civ.App., 1921, writ dism.), 230 S.W. 447, 449; Pena v. Security Title Co. (Tex.Civ.App., 1954, no writ hist.), 267 S.W.2d 847, 848; Continental Transfer & Storage Company v. Swann (Tex.Civ. App., 1954, writ dism.), 278 S.W.2d 413, 415; Fred v. Ledlow, 309 S.W.2d 490, 491 (Tex.Civ.App., 1958, no writ hist.).

Appellant's points and contentions are overruled. The judgment is affirmed.