### 34326. McKINNEY et al. v. BROWN et al.

HALL, Justice.

This is an appeal from the denial of a preliminary injunction to enjoin the defendant county commissioners from expending $37,500 of the public funds of Fulton County in an advertising campaign designed to influence the voters of Fulton County to defeat two constitutional amendments to be placed on the ballot in the November 7, 1978, general election. Appellants' motion to expedite the appeal is granted.

The trial court refused to grant the preliminary injunction, evidently on the theory that the advertising campaign was permissible under the broad discretion of the commissioners to administer county government. We disagree and reverse.

The authority of county governments to expend public funds is enumerated in the State Constitution. Art. IX, Sec. IV, Par. III (Code Ann. § 2-6103); Art. IX, Sec. V, Par. II (Code Ann. § 2-6202). Expenditure of county funds to procure the passage or defeat of constitutional amendments is not specifically permitted. Further, this court has decided that an advertising campaign to influence voter approval of a constitutional amendment is not authorized as a facet of administration of county government. *Harrison v. Rainey,* 227 Ga. 240 (179 SE2d 923) (1971); *DeVaughn v. Booten,* 146 Ga. 836 (92 SE 629) (1917). For example, in *Harrison v. Rainey,* supra, this court disapproved use of county funds and employees to seek passage of constitutional amendments altering the

governing body of DeKalb County.

The trial court erred in ruling that as a matter of law appellants were not entitled to any interlocutory relief. *Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 30, 1978 — DECIDED OCTOBER 30, 1978.

*Sherman S. Barge,* for appellants.

*Robert Young,* for appellees.

*Trotter, Bondurant, Griffin, Miller & Hishon, Emmet J. Bondurant, William E. Hoffmann, Jr.,* amicus curiae.