Leonard L. Buddenbohm Atchison County Counselor 6405 Metcalf, Suite 515 Overland Park, Kansas 66202
Dear Mr. Buddenbohm:
As Atchison county counselor, you request our opinion as to whether it is necessary for Atchison county to refund the access line fee that has been exacted pursuant to an oral agreement that has only recently been reduced to writing.
Counties are permitted to impose a tax pursuant to K.S.A. 12-5302 for emergency telephone services. However, as stated in Attorney General Opinion No. 92-36, the governing body must have entered into a contract with an emergency telephone service utility or company before the tax can be imposed. The problem that has now arisen is the nature or type of contract that must be formed for the tax to be imposed.
K.S.A. 12-5304(a) provides that "any governing body . . . may contract directly with the provider of the emergency telephone service." Here there is no specific requirement that the contract be in writing. Although Kansas case law has not directly addressed whether or not the contracts made by a county must be in writing, it has been stated that a contract made by a county, pursuant to statutory authorization, need not be in writing unless there is a "specific statutory requirement" that it be in writing. 56 Am.Jur.2d, Municipal Corporations, § 496.
In International and G.N.R. Co. v. Anderson County, 174 S.W. 305, affirmed 38 S.Ct. 370, 246 U.S. 424, 162 L.Ed. 807 (Tex. Cir.App. 1915), the court held that where writing was not required by statute, an oral contract is permitted. There the contract between the railroad and the county had been made completely orally. The court found the contract valid even though there was no written evidence of it, only the work performed.
Similarly, in Western Paint and Chemical v. Board of CountyCommissioners, 42 P.2d 533 (Ok. 1935) the court held that in the absence of a statute requiring a writing, they would not rule a contract invalid because there was no written record. In Western Paint the board of county commissioners had made an oral contract for repair work on bridges. Other courts have ruled that counties' use of unwritten contracts is permissible. See Walker v. Stephens, 165 S.E. 99 (Ga. 1932), Miller v. Ungemach, 282 P. 840 (Wa. 1929).
Based on the rationale set out in the above-mentioned cases, there appears to be no requirement that the contract be in writing between Atchison county and the phone company to be binding. There is sufficient evidence to show that there was a valid oral contract between the county and the phone company prior to its reduction to writing seven months later. Since K.S.A. 12-5302 et seq. does not specify that the contract be written, there is no need to refund the money collected during the seven months prior to the reduction of the contract to writing.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Jane Stattelman Assistant Attorney General