2004 ND 92

**AIRPORT INN ENTERPRISES, INC., Plaintiff and Appellee**

**v.**

**David A. RAMAGE, Defendant and Appellant.**

**No. 20040032.**

Supreme Court of North Dakota.

May 5, 2004.

Scott M. Knudsvig of Pringle & Herigstad, P.C., Minot, N.D., for plaintiff and appellee.

Grant H. Shaft of Shaft, Reis and Shaft, Grand Forks, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] David Ramage agreed to purchase the International Inn in Williston, North Dakota, from Airport Inn Enterprises, Inc., paying $25,000 in earnest money. The district court granted summary judgment for Airport Inn and awarded it the earnest money on the basis of the contract clause providing for liquidated damages if Ramage failed to complete the purchase. Because the buyer's obtaining financing acceptable to the buyer was a condition precedent to a binding contract, we reverse and remand for the entry of judgment in favor of Ramage.

I

[¶ 2] On March 15, 2000, Ramage and Airport Inn entered into an earnest-money contract and purchase agreement for the purchase of the International Inn located in Williston, North Dakota. Airport Inn owns the International Inn. The price of the hotel was to be $800,000. Ramage paid $25,000 in earnest money, which was deposited in the trust account of Shaft, Reis & Shaft, Ltd. The agreement provided for liquidated damages if the purchaser for any reason failed, neglected, or refused to complete the purchase. The liquidated-damages clause contained in paragraph 6 of the agreement provided:

> If owner's title is not insurable or free of defects and cannot be made so within sixty (60) days after notice containing a written statement of defects is delivered to owner(s), then said earnest money shall be refunded and all rights of the purchaser(s) terminated except that purchaser(s) may waive defects and elect to purchase. However, if said sale is approved by the purchaser(s) and the owner(s) title is insurable or marketable and the purchaser(s) for any reason fails, neglects, or refuses to complete purchase and to make payments promptly, as above set forth, then the owner(s) shall be paid the earnest money so held in escrow as liquidated damages for such failure to consummate the purchase.

[¶ 3] The agreement also contained a financing contingency in paragraph 14, which provided:

> This Agreement is contingent upon Buyer(s) approval of an ALTA survey at

Buyer(s) expense, Phase I Environmental Assessment at Buyer(s) expense, and title insurance commitment as referenced in paragraph 5 above. Further, this Agreement is contingent upon Buyer(s) obtaining financing acceptable to Buyer(s).

Ramage was unable to obtain satisfactory financing. His agent faxed a letter to Airport Inn's selling agent, indicating that after a due-diligence analysis, Ramage decided against purchasing the hotel, because certain factors resulted in his inability to obtain satisfactory financing.

[¶ 4] After being notified about Ramage's inability to obtain satisfactory financing, Airport Inn demanded that Ramage relinquish the earnest money. Ramage failed to do so. On October 2, 2000, Ramage applied to the district court, under N.D.C.C. § 32–11–02(2), to have the earnest money deposited into an interest-bearing account. On October 10, 2000, the district court ordered that the money be deposited into an interest-bearing account under the name of "District Court, Grand Forks County, North Dakota, as Trustee." On February 22, 2001, the district court issued a notice of deposit.

[¶ 5] On March 15, 2001, Airport Inn sued Ramage, claiming he breached the agreement when he failed to purchase the property. On June 25, 2002, Ramage filed an answer and counterclaim denying he breached the agreement and asserting he was entitled to the earnest money on deposit with the district court. In November 2003, both parties moved for summary judgment. Airport Inn claimed the plain language of the contract entitled it to the earnest money. It claimed the clause "for any reason" within the liquidated-damages provision of the agreement included failure to obtain financing. Ramage argued that the financing contingency acted as a condition precedent to the agreement and that the provisions of the contract would not become effective until financing was obtained.

[¶ 6] On December 9, 2003, the district court granted summary judgment in favor of Airport Inn. The district court concluded the liquidated-damages clause of the agreement entitled Airport Inn to the earnest money. On December 15, 2003, Ramage moved for reconsideration, and the motion was denied. On January 8, 2004, the district court entered a judgment for Airport Inn in the amount of $25,000 with interest. Proceedings to enforce the judgment were stayed pending the disposition of this appeal.

[¶ 7] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

## II

■ [¶ 8] Ramage argues the district court erred in granting Airport Inn's summary judgment motion and in awarding it $25,000 in earnest money. He argues the district court erred as a matter of law in interpreting the agreement between the parties, failing to give effect to the financing contingency. He argues the financing contingency in the agreement was a condition precedent to the agreement, thus rendering the contract, including the liquidated-damages provision, unenforceable until the financing contingency was met. Airport Inn argues that the language of the liquidated-damages clause entitles it to the earnest money even though the financing contingency was not met.

[¶ 9] In finding Airport Inn's position more persuasive, the district court stated: "The contract written by the Defendant clearly states that if the purchaser 'for any

reason, fails, neglects, or refuses to complete purchase ..., then the owners shall be paid the earnest money so held in escrow as liquidated damages.'" Although the district court mentioned the financing contingency, it did not determine whether the contingency acted as a condition precedent, nor did it discuss the impact of a condition precedent. The district court simply stated: "The defendant points to paragraph 14 and the contingency of his obtaining 'financing acceptable to Buyer.' The undisputed facts are that the buyer had many plans for future development, and he decided the plans would not cash flow with the financing available."

[¶ 10] On appeal, this Court will independently review a contract to determine whether the district court erred in its interpretation of it. *Kondrad v. Bismarck Park Dist.*, 2003 ND 4, ¶ 6, 655 N.W.2d 411. Interpretation of a contract is a question of law if the intent of the parties can be ascertained from the agreement alone. *See* N.D.C.C. § 9–07–04; *Garofalo v. St. Joseph's Hospital*, 2000 ND 149, ¶ 7, 615 N.W.2d 160. An unambiguous contract, therefore, is particularly amenable to summary judgment. *Garofalo*, at ¶ 7.

> Summary judgment is a procedural device for promptly and expeditiously disposing of an action without a trial if either party is entitled to judgment as a matter of law and if no dispute exists as to either the material facts or the reasonable inferences to be drawn from undisputed facts, or if resolving the factual disputes will not alter the result.

*Fish v. Dockter*, 2003 ND 185, ¶ 7, 671 N.W.2d 819.

[¶ 11] Important in determining who is entitled to the earnest money is whether the financing contingency in paragraph 14 of the agreement was a condition precedent to the agreement's becoming binding. "A condition precedent is one which must be performed or happen before a duty of immediate performance arises on the promise which the condition qualifies." *Kruger v. Soreide*, 246 N.W.2d 764, 769 (N.D.1976) (citations omitted); *see also* N.D.C.C. § 9–01–11. A condition precedent may be a prerequisite to the existence of a contract. *Mattco, Inc. v. Mandan Radio Ass'n, Inc.*, 224 N.W.2d 822, 825 (N.D.1974).

[¶ 12] The language in paragraph 14 of the agreement states: "[T]his Agreement is contingent upon Buyer(s) obtaining financing acceptable to Buyer(s)." When an agreement is conditioned upon obtaining financing, a condition precedent to performance of the agreement is created. *Kruger*, 246 N.W.2d at 769. When financing is a condition precedent, there is no enforceable agreement until the financing is obtained. *Id.; see also Quinn Distributing Company v. North Hill Bowl, Inc.*, 139 N.W.2d 860, 863–64 (N.D.1966).

[¶ 13] Other states have also concluded that when an agreement is conditioned on obtaining financing, a condition precedent is created and no contract exists until that condition is met. *See Parker v. Averett*, 114 Ga.App. 401, 151 S.E.2d 475 (1966); *Knox v. Townes*, 470 S.W.2d 290 (Tex.Civ. App.1971). In *Parker v. Averett*, the court construed the plain meaning of a sales contract to mean that the sale was contingent upon the purchaser's ability to obtain financing. 151 S.E.2d at 476. In *Parker*, the contract provided that the balance of the purchase price should be paid "from FHA loan" and that the sale was contingent on the "purchaser being able to acquire FHA financing." *Id.* The court held the contract was not enforceable until the financing was obtained. *Id.*

[¶ 14] In *Knox v. Townes*, the court held the term "contingent upon purchaser obtaining satisfactory financing" to be a

condition precedent. 470 S.W.2d at 292. The court concluded that unless financing satisfactory to the purchaser was obtained, there was no obligation to perform the contract. *Id.* In *Knox*, there was a forfeiture clause stating the earnest money paid would be forfeited if the purchaser failed to consummate the sale. *Id.* at 291. The court held, because the purchaser did not find financing, the contract and its forfeiture clause never became effective. *Id.* at 292.

[¶ 15] In this case, the language in paragraph 14 of the agreement states, "this Agreement is contingent upon Buyer(s) obtaining financing acceptable to Buyer(s)." No bad faith has been alleged in Ramage's attempt to obtain acceptable financing. We conclude this financing contingency is a condition precedent to the contract's becoming effective. Because obtaining financing is a condition precedent, the contract is conditioned upon Ramage's obtaining financing acceptable to him, and there can be no enforceable contract until financing is obtained. Because the condition precedent in this case never materialized, the agreement was not binding on the parties, and the liquidated-damages clause never became effective.

### III

[¶ 16] We reverse the judgment of the district court, concluding the district court erred as a matter of law in awarding Airport Inn $25,000 in earnest money, with interest, as liquidated damages, and remand to enter a judgment in favor of Ramage for $25,000, the amount of the earnest money on deposit with the district court in Grand Forks County.

[¶ 17] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.